JAMES McCREA *vs.* BEVERLY GAS AND ELECTRIC COMPANY.

Essex.    November 7, 1913. — February 26, 1914.

Present: RUGG, C. J., LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* In use of electricity. *Electricity. Wires. Evidence,* Presumptions and burden of proof.

In an action against a public service corporation maintaining wires transmitting electricity, for personal injuries sustained by the plaintiff, when he was climbing a tree in the course of his employment, from an electric shock communicated by a wire of the defendant, if there is evidence that ¦the wire which communicated the shock to the plaintiff carried a current of electricity of six thousand six hundred volts, which was exceptionally dangerous and required extraordinary precautions, and that no extra precautions were taken, this warrants a finding of negligence on the part of the defendant.

If, in the same action, there is evidence that an electric shock cannot be communicated by a wire unless the wire is grounded, and that such a grounding should be indicated by an instrument called a ground detector, that the accident to the plaintiff was such that it could not have been caused in case of a merely slight grounding such as might have been produced by a swaying branch or twig, and was such that it would have been recorded if the defendant's detector had been in proper condition, and that the detector did not indicate that any wire was grounded on the day in question, this warrants a finding of negligence on the part of the defendant in failing to keep the ground detector in order.

If, in the same action, there is evidence that the wires of dangerous voltage, maintained by the defendant, one of which communicated the shock to the plaintiff, passed through or by trees at fifty places at least, and that in spite of this no attempt was made by the defendant to insulate the wires at these points, this warrants a finding of negligence of the defendant in this respect.

In an action against a public service corporation for personal injuries received from an electric shock communicated by a wire of dangerous voltage maintained by the defendant, upon the issue whether the defendant was negligent in failing to insulate the wire properly, the plaintiff need not show necessarily that the methods of insulation, which his experts have testified should have been adopted, were in use elsewhere or were not too expensive. If these methods were not in use elsewhere and involved a large expense, these facts may be considered by the jury in determining whether the defendant had exercised due care under all the circumstances of the case, but the plaintiff may be entitled to go to the jury on this issue without showing affirmatively that the methods suggested by him were in use elsewhere or could have been adopted without unreasonable expense.

An experienced tree climber, who has been employed for four years in gipsy moth work largely on private grounds, but who is not experienced in regard to electricity, if he is injured by a charge of electricity communicated by a wire that passes through the branches of a tree that he is climbing in the performance

of his duty, is not in the same position in regard to the exercise of due care that a lineman employed to do work in connection with electric wires would be.

In an action against an electric light company for personal injuries received from an electric shock communicated by a wire of dangerous voltage maintained by the defendant when the plaintiff in the course of his employment in gipsy moth work was climbing a tree, if there is evidence on which it could have been found that with a three braid covering, which was used by the defendant on this and other wires, electricity from a wire of such high voltage would "spark" or jump three eighths of an inch and give a shock to a person who had not touched the wire, and that a shock so given to a man's hand would cause an involuntary contraction of the muscles so that the hand unconsciously would grasp the wire, and there also is evidence that within three months before the accident sparking had been seen on these very wires where they passed through this tree, the fact, that when the plaintiff was found unconscious after the accident the tips of his middle and third fingers were so burned that those fingers had to be amputated, does not show that the plaintiff was negligent and a finding may be warranted that he was in the exercise of due care.

Tort against the Beverly Gas and Electric Company, a public service corporation supplying light and power for public and private use, for personal injuries sustained by the plaintiff on the afternoon of November 17, 1908, from an electric shock communicated to him by wires of the defendant, alleged to have been improperly and negligently grounded and maintained, while the plaintiff was climbing a large elm tree near the corner of Pond Street and Cabot Street in Beverly in the performance of his duty as a member of the Beverly gipsy moth force. Writ dated March 12, 1909.

In the Superior Court the case was tried before *Pratt*, J. It appeared that the plaintiff was an experienced tree climber, who, since coming to this country from Ireland in 1904, had been employed almost constantly in gipsy moth work as a climber, principally upon private estates. The judge refused to rule that upon all the evidence, which is described in the opinion, the plaintiff was not entitled to recover, and submitted the case to the jury. They returned a verdict for the plaintiff in the sum of $1,700; and the defendant alleged exceptions.

*J. P. Sweeney,* (*I. W. Sargent* with him,) for the defendant.

*L. A. Ford,* (*J. A. Locke* with him,) for the plaintiff.

Loring, J. The following are the facts which the jury were warranted in finding in this case, although contrary in many important particulars to the evidence introduced by the defendant.

The plaintiff was employed by the city of Beverly in moth work. On the day of the accident here in question he was climbing an elm tree on Pond Street in Beverly, with a coil of rope hanging from his right side, the end being tied round his waist. The ordinary method pursued in moth work is for the employee to climb to the part of the tree from which his work is to be done, and to draw up the tools he wishes to use by sending down the rope brought up by him for the purpose. When the plaintiff had reached a point about thirty feet from the ground, he was stopped by the coil of rope catching on a twig or something else sticking out of the tree. His shoulder was then about on a level with three of the defendant's wires carrying a current of six thousand six hundred volts, the nearest of them being nineteen inches away. Finding that his coil of rope was caught, he drove his left climbing iron more firmly into the tree and took a firmer hold of the branch which was on his left side. He then looked at the wires and decided that he could "clear" them if he reached with his right hand and cleared his rope. He started to do so and the next thing that he knew he was regaining consciousness in a doctor's office. What happened was that the plaintiff received a shock from the nearer one of the row of three wires carrying the current of six thousand six hundred volts, and was thrown to the ground. The tips of his third and middle fingers were so burned that those fingers had to be amputated, and there also was a burn where the climbing iron was fastened to his ankle. The high voltage wires here in question carried the only electricity used in the town of Manchester, some six miles from the defendant's power station in Beverly. There were three of these wires strung in a row between rows of wires of a lower voltage above and below them. Wires carrying a current with a voltage of five thousand volts are exceptionally dangerous and require extraordinary precautions; and the higher the voltage the greater the precautions that are required. In spite of that no extra precautions were taken by the defendant in regard to these Manchester wires, but they were treated in the same way that the wires above and below them were treated. That warranted a finding of negligence.

A person coming in contact with an electric wire cannot get a shock unless the wire is grounded and the person is grounded.

The defendant had no separate ground detector for the Manchester wires, and the general detector for the whole system did not show that there was any ground on the day in question. The accident to the plaintiff was such that it could not have been caused in case of a slight ground such as is produced by a swaying branch or twig.. A ground such as caused the accident here complained of was of such a character that it would have been recorded if the detector had been in proper condition. This warranted a finding of negligence on the ground that the detector was out of order.

The necessity of men climbing trees to do the required work on moths was known, and it is possible to insulate electric wires. The Manchester wires passed through or by trees at fifty places at least. In spite of that no attempt was made by the defendant to insulate the wires at these points. This warranted a finding of negligence on a third ground. The defendant has assumed in its argument that the plaintiff did not make out a case of negligence on this third ground, unless he showed that the methods of insulation testified to by the plaintiff's experts were in use elsewhere or were not too expensive. We know of no such rule of law. The fact that the care exercised by one bound to exercise care is that usually exercised by persons in like relations is evidence to be considered upon the question of his negligence although it is not of controlling force. *Lane* v. *Boston & Albany Railroad,* 112 Mass. 455. *Worthen* v. *Grand Trunk Railway,* 125 Mass. 99. *Pitcher* v. *Old Colony Street Railway,* 196 Mass. 69. So the fact, if it was a fact, that the methods of insulation relied on by the plaintiff were not in use anywhere and involved a large expense were matters to be considered by the jury in determining whether the defendant had exercised due care under all the circumstances of the case. But to make out a case of negligence for lack of insulation of the wires it was not incumbent on the plaintiff in the first instance to show that the methods suggested by him were in use elsewhere, or that they were not too expensive.

We therefore are of opinion that the plaintiff made out a case warranting a finding of negligence on the part of the defendant. See in this connection *Linton* v. *Weymouth Light & Power Co.* 188 Mass. 276; *Cahill* v. *New England Telephone & Telegraph Co.* 193 Mass. 415.

The defendant has also contended that the plaintiff did not make out a case of lack of contributory negligence on his part. In its argument on this contention the defendant has assumed that the plaintiff was in the position of a lineman employed by an electric company. The assumption is not warranted. The plaintiff was an experienced man in moth work, but not in electricity. His moth work had been largely on trees in private grounds, where presumably there are no wires, although he had done work on trees by the side of highways where wires were run.

The defendant also has assumed that the plaintiff grasped the wire which burned his fingers. But that again is an assumption which is not warranted. On the evidence the jury could have found that with the three braided covering used by the defendant on this and its other wires electricity from a six thousand six hundred volt wire would "spark" or jump three eighths of an inch and give a person a shock who had not touched the wire; and that if a shock was thus given the effect would be an involuntary contraction of the muscles so that if the shock was given to a man's hand the hand would grasp the wire involuntarily. In addition there was evidence that within three months before the accident here complained of sparking had been seen on the Manchester wires where they passed through the tree here in question. The conclusion that the plaintiff did not voluntarily grasp the wire which gave him a shock finds some confirmation in the fact that the two fingers which were burned were the middle and third fingers. These are not the fingers ordinarily used in grasping a wire or other object.

We are of opinion that the plaintiff's evidence warranted a finding that the injury was not caused by contributory negligence on his part. See in this connection *Illingsworth* v. *Boston Electric Light Co.* 161 Mass. 583; *Prince* v. *Lowell Electric Light Corp.* 201 Mass. 276.

*Exceptions overruled.*