FRANK CAVANAUGH *vs.* IRVING CROCKER. January 31, 1957. Exceptions overruled. This is an action of tort in which the plaintiff seeks to recover for injuries sustained when he fell off the front porch roof of the defendant's premises. In his declaration the plaintiff alleged that his injuries were the result of a defective condition of the roof. The evidence showed that the plaintiff, who had been engaged by the defendant to take off storm windows, was injured in these circumstances. In the afternoon of April 26, 1952, he climbed up a ladder to the roof of the front porch, above which were three windows. In taking off the middle storm window he placed one foot on the sill and felt "a little give," and fell to the ground. A witness for the plaintiff testified that he observed the sill after the accident and it was "rotten . . . dry and dirty" and that the outer edge of it was cracked. At the close of the evidence the defendant presented a motion for a directed verdict "upon the evidence and the pleadings" which was denied. The jury returned a verdict for the plaintiff which was recorded under leave reserved. Thereafter the defendant presented a motion that a verdict be entered in his favor on the ground, among others, that there was a variance between the pleadings and the proof. The plaintiff then moved to amend his declaration by inserting after the word "roof" the words "and window sill." The judge denied the motion to amend and granted the defendant's motion to enter a verdict in his favor, subject to the plaintiff's exceptions. There was no error. In the opinion of a majority of the court there was a fatal variance between the declaration and the proof. *Glynn* v. *Blomerth*, 312 Mass. 299, 301–302. The plaintiff's motion to amend was addressed to the discretion of the trial judge and its denial presents no question of law. *Means* v. *Leveroni*, 297 Mass. 61, 64. We might add that even if the plaintiff had been permitted to cure the variance by an amendment the judge still would have been justified in entering a verdict for the defendant. To recover, the plaintiff had the burden of proving not only that his injury was caused by the defendant's failure to warn of a hidden defect but that the defect was one of which the defendant had knowledge, or in the exercise of reasonable care should have had knowledge, *Williams* v. *United Men's Shop, Inc.* 317 Mass. 319, 320. See *Walker* v. *Benz Kid Co.* 279 Mass. 533. The plaintiff failed to sustain this burden.

*Charles Cronis*, for the plaintiff.
*John Z. Doherty*, for the defendant.