**Estate of John IVERSON et al., Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent, and related cases.**

**Nos. 15928–15931.**

United States Court of Appeals
Eighth Circuit.

July 25, 1958.

Joseph A. Maun, William R. Busch and Burton G. Weisberg, of Bundlie, Kelley & Maun, St. Paul, Minn., for petitioners.

Charles K. Rice, Asst. Atty. Gen., and Joseph Kovner, Lee A. Jackson, A. F. Prescott and Kenneth E. Levin, Attys., Tax Div., Washington, D. C., for respondent.

Before GARDNER, Chief Judge, and VOGEL and VAN OOSTERHOUT, Circuit Judges.

PER CURIAM.

Our opinion in these cases affirming the decision of the Tax Court against the petitioning taxpayers was filed on May 9, 1958. The opinion is reported at 255 F.2d 1. Taxpayers on June 23, 1958, lodged with the Clerk of this Court motion for recall of mandates and petition for rehearing.

We shall treat the motion for recall of mandates as properly filed and shall consider said motion. Since the term at which the judgments of this court were entered is still open, we shall assume that this court has jurisdiction to recall the mandates. The mandates

were properly issued on June 16, 1958, pursuant to our Rule 16, 28 U.S.C.A. The time for filing petition for rehearing had then expired. We believe that our power to recall mandates should be exercised sparingly. The showing made in the present motion is not adequate to warrant the recall of the mandates.

■■ We also believe that leave to file petition for rehearing should be denied. With the mandates on the judgments here involved outstanding, it is doubtful whether this court would have jurisdiction to consider a petition for rehearing. In any event, we do not believe that a showing such as to entitle taxpayers to file a petition for rehearing out of time has been made. Our Rule 15(a) requires that petitions for rehearing be filed "not later than twenty days after the filing of an opinion." Said rule should be strictly complied with. See 3 Am.Jur. Appeal & Error, § 802. Here, no attempt was made to file the petition for rehearing until June 23, 1958, some 45 days after the filing of the opinion. This was 25 days after the expiration of the time for filing petition for rehearing under the rule. The only reason assigned for the late filing of the petition is the taxpayers' contention that the Supreme Court, in Colony, Inc., v. Commissioner of Internal Revenue, 357 U.S. 28, 78 S.Ct. 1033, 2 L.Ed.2d 1119, decided an issue pertinent to this appeal favorably to them. It is neither necessary nor proper for our present purpose to determine the validity of such contention. The appellate rules are designed to bring about an orderly and prompt termination of litigation. If the rule regulating the time for filing petitions for rehearing is to be relaxed to meet a situation such as here presented, what time limit is to be imposed? If a petition can be filed 25 days after the expiration of the time granted for filing, can such a petition be filed 3 months, 6 months, or a year after the judgment has become final? We believe that the time granted for filing petitions for rehearing by our rules is reasonable and that it should be adhered to, and that any substantial departure from

the time fixed by the rule would lead to hopeless confusion.

The motion for recall of mandates is overruled. Leave to file petition for rehearing is denied.