JAMES SPARKS *vs.* NATHAN KEPNES, trustee.

Suffolk. April 8, 1959. — June 4, 1959.

Present: WILKINS, C. J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Negligence,* Toward employee of independent contractor, One owning or controlling real estate, Duty to warn, Violation of law.

In an action by an experienced journeyman carpenter, hired by an independent building contractor engaged in renovating a building after it had been gutted by fire, against the owner of the building for personal injuries sustained by the plaintiff when, while he was straddling the top of an exterior wall with one foot on a cornice just below which looked steady and safe to him, the cornice collapsed and he fell to the ground, a finding that the defendant was liable on the ground of failure to warn the plaintiff of a hidden defect was not warranted since the dangers attendant upon the condition of the building were obvious. [352]

At the trial of an action by an employee of an independent building contractor against the owner of a building to recover for personal injuries sustained in a fall while at work on the building, there was no error in the exclusion of certain regulations requiring the furnishing of safety appliances promulgated by the department of labor and industries, division of industrial safety, since the plaintiff was not an employee of the defendant. [352]

Counts in the declaration in an action by an employee of an independent building contractor against the owner of a building to recover for personal injuries sustained in a fall while at work on the building, based on the defendant's failure to provide workmen's compensation insurance for the employees of the contractor or to see to it that the contractor provided it as he had agreed to do in his contract with the defendant, did not state a cause of action. [352]

TORT. Writ in the Superior Court dated March 22, 1957.

The action was tried before *Sullivan,* J.

*Frank M. Lewis,* for the plaintiff.

*David W. Kelley,* (*Sydney Berkman* with him,) for the defendant.

COUNIHAN, J. This is an action of tort in which the plaintiff seeks to recover damages for personal injuries sustained on March 6, 1957, when he fell from the roof of a

building to the ground, a distance of about forty-five feet. This building was numbered 2143 to 2147 Massachusetts Avenue, Cambridge, and was owned by the defendant as trustee of the Melrose Real Estate Trust. It was formerly owned and occupied by the city of Cambridge as a schoolhouse and was about fifty years old. It was acquired by the defendant ten or eleven years before the date of the accident. On September 19, 1956, when it was occupied by one Sasso, there was a fire in the building which gutted the entire building. As a result the defendant was notified on three occasions by officials of the building department of the city to restore the building and put it in a safe condition.

In consequence of these notices the defendant on February 11, 1957, entered into a written contract with one Harris, doing business as Harris Construction Co. of Boston, to repair and renovate the building for the sum of $26,000. In this contract Harris agreed to carry satisfactory workmen's compensation insurance. The specifications provided that Harris should "Tear out and remove from building , . . all burned trussed roof frame, roofing . . ." and "Install new roofing . . . ."

The evidence concerning the accident may be summarized as follows: The plaintiff who was fifty-six years old had been a journeyman carpenter for about fifteen years prior to the day of the accident. He was hired by Harris on March 5, 1957. He had observed the condition of the building several times before when he went there seeking employment. His working time and wages conformed to union requirements. On the second day he worked he was on the third floor of the building. He was directed by Harris to remove a wooden cleat holding the roof gutter to the outside edge of a cornice which ran along the exterior wall of the building about twelve inches from the top. He had placed his left foot over that wall and on the cornice in such a way that he was straddling the wall. While he was attempting to remove the cleat the cornice gave way and he fell to the ground, sustaining injury. The cornice looked steady and safe to him.

It is apparent from the record that Harris carried no workmen's compensation insurance covering the plaintiff and that he did not provide safety appliances provided for in the rules and regulations of the department of labor and industries, division of industrial safety.

This action was tried with a companion case in which Sparks was the plaintiff and Harris was the defendant. At the close of the evidence the defendant in the instant case filed a motion for a directed verdict which subject to the exception of the plaintiff was allowed. The plaintiff during the trial excepted to (1) the exclusion of the plaintiff's testimony that he received no warning; (2) the exclusion of the rule of the division of industrial safety of the department of labor and industries relating to the furnishing of safety appliances; and (3) the allowance of the motion for a directed verdict for the defendant. There was no error.

The declaration of the plaintiff contained sixteen counts, most of which were repetitious and were grounded upon allegations that the defendant failed to give the plaintiff notice or warn him of hidden defects. Several counts were based upon allegations that the defendant failed to provide workmen's compensation insurance for the employees of Harris or to see to it that Harris did, and that the defendant was negligent in engaging Harris to do the work of repair and reconstruction.

The general rule is that the duty an owner of property owes to an employee of an independent contractor is the same duty as that owed by an employer to one of his own employees. *Williams* v. *United Men's Shop, Inc.* 317 Mass. 319. In effect this means that in case of the existence of physical defects in the owner's premises the owner is obliged to warn an employee of hidden defects of which the owner is aware or of which he should be aware in the exercise of reasonable care. *Hall* v. *Henry Thayer & Co.* 225 Mass. 151, 154. *Cavanaugh* v. *Crocker,* 335 Mass. 765. *Hannon* v. *Hayes-Bickford Lunch System, Inc.* 336 Mass. 268. *Wilson* v. *Conlin,* 338 Mass. 295.

In the instant case, however, a different situation exists.

The defendant had engaged an independent contractor to repair and completely reconstruct the burned building and the plaintiff was hired by the contractor to take part in this work.  Photographs of the interior of this building taken shortly after the accident show that the conditions of the third floor, the roof and the cornice attached to it were obvious.  The plaintiff was an experienced journeyman carpenter and as such he was chargeable with knowledge that the fire may have rendered the roof and the cornice unsafe. The breaking of the wall of the building due to the collapse of the cornice was one of the common risks of the employment.  "A roof in process of destruction is not a place where permanent and firm conditions prevail, but where decay and disintegration are to be apprehended, and reasonable precautions to avoid peril must be taken by the workmen . . . ." *Boisvert* v. *Ward*, 199 Mass. 594, 597.  *Archer* v. *Eldredge*, 204 Mass. 323.  *Ashton* v. *Boston & Maine R.R.* 222 Mass. 65.  See *Hannon* v. *Hayes-Bickford Lunch System, Inc.* 336 Mass. 268, where the defect was one of which the employee already knew.  *Whalen* v. *Shivek*, 326 Mass. 142, relied upon by the plaintiff to some extent, is not in point for there the plaintiff was a member of the general public using the public highway adjacent to premises owned by the defendant.

The exception to the exclusion of the question relating to any warnings of hidden dangers given by the defendant to the plaintiff must be overruled because the conditions were obvious.  The exception to the exclusion of the regulations requiring safety appliances must be overruled because the plaintiff was not an employee of the defendant.  The counts alleging that the defendant did not have workmen's compensation coverage or that he failed to see to it that Harris had provided it find no support in G. L. c. 152 which relates only to employers and employees.  There was insufficient evidence to sustain the count alleging that the defendant was negligent in contracting with Harris to do the work of repairing and reconstructing the building.

*Exceptions overruled.*