**SECURITIES AND EXCHANGE COMMISSION**

v.

**duPONT, HOMSEY & COMPANY and Anton E. Homsey.**

**Civ. A. No. 60–659.**

United States District Court
D. Massachusetts.

May 1, 1962.

James E. Dowd, Edward P. Delaney, Boston, Mass., for plaintiff.

Charles H. Morin, Mark M. Horblit, Marcien Jenckes, Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

Petitioner Legate in 1959 became a limited partner in the defendant firm now in receivership, turning over to the firm $80,000 in cash and securities. In his proof of claim and petition Legate alleges that he was induced to become a limited partner by the misrepresentations of Homsey, the principal general partner of the firm. He further alleges that the New York Stock Exchange, both before and after the time he became a limited partner, had knowledge that Homsey and the firm in the conduct of their business had violated the law and the rules and regulations of the Exchange and failed to fulfill the duty allegedly incumbent upon it to investigate the conduct of the business and take appropriate disciplinary action against Homsey and the firm, which would have disclosed to Legate the falsity of the representations made to him by Homsey. On the contrary, he alleges, the Exchange engaged in an advertising campaign to persuade the public that member firms of the Exchange had a high standing and reputation for integrity, honesty and character and that petitioner was influenced by this advertising in becoming a limited partner.

Petitioner seeks to rescind his partnership contract on the ground of fraud, to establish his standing as a general creditor for the amount of his partnership contribution, to establish a claimed right to priority over the Exchange as a creditor in the distribution of the assets of the firm, and to recover directly from the Exchange the amount of his partnership contribution less any amount which he may recover from the assets of the firm. The receiver moves to dismiss the petition insofar as it seeks the establishment of a priority over other creditors or direct recovery against the Exchange.

The first issue between the parties is as to the standing of Legate as a creditor of the firm. If he can prove that, as he alleges, he was induced to become a limited partner by the fraud and misrepresentation of Homsey, then his rights are governed by Mass.G.L. Ch. 108A § 39, which provides:

"§ 39. Same Subject; Rights of Party Entitled to Rescind Partnership Contract.—Where a partnership contract is rescinded on the ground of the fraud or misrepresentation of one of the parties thereto, the party entitled to rescind is, without prejudice to any other right, entitled—

"(a) To a lien on, or right of retention of, the surplus of the partnership property after satisfying the partnership liabilities to third persons for any sum of money paid by him for the purchase of an interest in the partnership and for any capital or advances contributed by him; and

"(b) To stand, after all liabilities to third persons have been satisfied, in the place of the creditors of the partnership for any payments made by him in respect of the partnership liabilities; and

"(c) To be indemnified by the person guilty of the fraud or making the representation against all debts and liabilities of the partnership."

Thus Legate, if he can prove his allegations, is entitled to elect to rescind his partnership agreement and to stand as a creditor of the firm for the amount of his partnership contribution. He is not however entitled to priority over the claims of the customers of the firm or their assignees but only to have his claim satisfied out of any partnership assets remaining after these claims of third parties have been satisfied.

Legate appears to contend that a partnership agreement induced by fraud is void ab initio and that therefore he is entitled to recover the amount of his contribution before claims of third parties against the firm can be satisfied.

This contention cannot be accepted in the light of the clear provisions of § 39, whatever support for it may be found in the language of earlier cases such as Richards v. Todd, 127 Mass. 167. Legate argues that § 39 has no application here since it is found in Ch. 108A, dealing with partnerships in general, and that his rights must be governed by Ch. 109, dealing with limited partnerships. However, Ch. 108A § 6(2) provides that the chapter "shall apply to limited partnerships except in so far as the statutes relating to such partnerships are inconsistent herewith." Nothing has been pointed out in Ch. 109 to preclude the application of Ch. 108A § 39 to limited partnerships. Ch. 109 § 13(1) relied on by petitioner provides:

"§ 13. Same Subject: Transactions with Partnership.—(1) A limited partner also may loan money to and transact other business with the partnership, and, unless he is also a general partner, receive on account of resulting claims against the partnership, with general creditors, a pro rata share of the assets."

This means only that when a limited partner deals with the firm, not in his capacity as a limited partner, but in the same manner as a person not a member of the firm, he is to be treated in the same way as any non-member creditor as to those transactions. It has no application to his transactions in his capacity as a partner, and does not preclude the application of Ch. 108A § 39 to govern his right to recover his partnership contribution.

■ The second issue is as to petitioner's right to enforce in this receivership proceeding his claim for affirmative recovery against the New York Stock Exchange. No service of process has been made on the Exchange. The Exchange is asserting no claim against the assets of the receivership. Its only connection with the receivership proceedings is that in accordance with a plan approved by the court the Exchange advanced funds to be used for the payment of certain substantial claims against the estate and in return these claimants assigned their claims to a nominee of the Exchange who as assignee has filed a claim as a general creditor for the amount of these claims. Thus the Exchange is not in the position of one who by appearing to assert his own claim against the estate subjects himself to the jurisdiction of the court as to defenses and counterclaims against it. Moreover, Legate's claim is not one which should appropriately be settled in this receivership proceeding. Even assuming that the Exchange should be held to have submitted to the jurisdiction of the court because its nominee asserts claims of which it is the ultimate beneficiary. Legate's petition neither attacks the validity of the nominee's claims in themselves, or sets forth any liability of the Exchange to the firm or its receiver. The claim asserted is an independent one of Legate against the Exchange. Determination of the right of Legate to affirmative recovery is in no way necessary or helpful to the administration of the receivership, but would rather hinder the receivership by involving it in an extraneous controversy.

■ The receiver has filed a petition in set off and counterclaim against Legate seeking to recover against him for alleged improper withdrawal of part of his capital contribution to the partnership and alleged failure to report certain improper transactions of the firm which came to his attention. Legate moves to dismiss receiver's petition. The contention of Legate is that the partnership itself would have no right of recovery against him for any of the acts alleged and that therefore the receiver cannot recover since he cannot recover where the firm itself could not. The power of the receiver is not so narrowly restricted as Legate contends. While generally a receiver has no better standing than the defendant whose possession he takes over, there are occasions when he may have greater rights for the protection of creditors. Where, as here, a claim is asserted against a limited partner based on allegedly fraudulent or

otherwise wrongful transactions, the receiver is not barred from recovery for the benefit of creditors by the fact that other partners may have participated in or consented to these transactions so as to bar the partnership itself from recovery. McCandless v. Furlaud, 296 U.S. 140, 56 S.Ct. 41, 80 L.Ed. 121; Dabney v. Chase National Bank, 2 Cir., 201 F.2d 635; Central Hanover Bank & Trust Co. v. President and Directors of the Manhattan Co., 2 Cir., 105 F.2d 130.

The motion of the receiver to dismiss the petition of Legate is allowed with respect to the claim for priority of Legate over other creditors and to the claim against the New York Stock Exchange. The motion of Legate to dismiss the receiver's petition for set off and counterclaim is denied.