William H. LEGATE, Claimant, Appellant,

v.

J. Joseph MALONEY, Jr., Receiver, et al., Appellees.

No. 6287.

United States Court of Appeals First Circuit.

July 2, 1965.

Marcien Jenckes and Choate, Hall & Stewart, Boston, Mass., for New York Stock Exchange, appellee, on motion.

Mark M. Horblit and Samuel H. Kalish, Boston, Mass., for William H. Legate, appellant, on memorandum in opposition to motion.

Before ALDRICH, Chief Judge, and WOODBURY, Senior Circuit Judge.

ALDRICH, Chief Judge.

This case began as a somewhat unusual one, and we have now an even more unusual matter before us, a motion to recall mandate on the ground of error in our opinion, reported 334 F.2d 704. Movant is New York Stock Exchange, hereinafter the Exchange. Review was previously sought, unsuccessfully, by petition for rehearing, and by petition for certiorari, 379 U.S. 973, 85 S.Ct. 664, 13 L.Ed.2d 564. Some months after the latter denial the Exchange filed the present motion, citing cases that had been decided in other circuits subsequent to our refusal of rehearing.

As recited in our earlier opinion, the Securities and Exchange Commission petitioned into receivership in the district court a brokerage partnership, hereafter the firm. One Legate was a limited partner and also a creditor of the firm. He appeared in the receivership proceedings in both a defensive and offensive capacity. The firm held membership in the Exchange. For internal reasons the Exchange paid off the claims of the so-called public creditors, which excepted Legate, taking assignments in substantial amounts. Through its nominee, a Mr. Jenckes, a member of the Massachusetts bar, it appeared in the receivership proceedings to recover whatever might be realizable upon the claims. Part of what was realizable were charges against Legate in his capacity as limited partner. Besides seeking to avoid the claims against him, and to establish various claims of his own against the estate, Legate filed a claim for damages against the Exchange. This alleged, in substance, that he had become a partner and had suffered loss due to sundry malfeasance and nonfeasance of the Exchange. The district court dismissed this claim for want of jurisdiction. It pointed out that the Exchange had not been served with process, and stated that prosecuting assigned claims through a nominee did not cause it to be present. It added that to permit Legate to prosecute an independent claim against the Exchange would "hinder the receivership." S. E. C. v. duPont, Homsey & Co., D.C., 204 F.Supp. 944, at 946. On appeal, *inter alia*, we reversed this ruling and ordered further proceedings which, apparently, have not yet been had.

The only appearances on appeal were Legate and the receiver, both by counsel. As we noted in a footnote, leading counsel for the receiver was Jenckes. We noted also that Jenckes, in his fiduciary capacity as the Exchange's nominee, was a principal, if not the principal party in interest in the receivership proceedings. The receiver's brief, insofar as it dealt with this aspect of the case, contended that the Exchange had not been served with process, was not doing business within the jurisdiction, and could not be identified with Jenckes. It also argued that Legate's claim against the Exchange lacked legal merit. No mention was made of any of the Rules of Civil Procedure, or, more specifically, of Rule 13 dealing with cross-claims and counterclaims. Pointing out that the district court was in error in reciting that "the Exchange is asserting no claim against the assets of the receivership," 334 F.2d at 708, fn. 6, we held that the Exchange could not come in and prosecute claims by nominee and counsel and then be heard to say that it was not present. We, too, did not refer to Rule 13.

The petition for rehearing, filed by Mr. Jenckes, again assertedly as counsel for the receiver, essentially repeated the arguments that had previously been made. It further extended the discussion of the lack of legal merit of Legate's claim against the Exchange, which was irrelevant to the issue of jurisdiction, and bore even less on any interest that

the receiver, as receiver, could be thought to have in the case. The rehearing petition did make brief mention of Rules 13 (g) and 13(h), and asserted that these rules did not vest the district court with jurisdiction over Legate's claim against the Exchange.[1]

 It may be that we were unduly dazzled by the many facets of Mr. Jenckes. However, our opinion never suggested that we believed Legate's claim against the Exchange arose out of the original transaction or occurrence, or was other than independent. It is true, perhaps unfortunately, as matters have developed, that we did not in terms refer to Rule 13(b). We thought, however, and still believe, that we made it reasonably apparent that Mr. Jenckes' ubiquity, and the Exchange's general course of conduct, made it the real party in interest "in competition" with Legate, 334 F.2d at 708, that is to say, an opposing party, not just a co-party, and much less a nonparty. As an opposing party, under Rule 13(b), there was no necessity of either process or identity of origin of the claims.[2] If we were in error in this appraisal, of which we are not presently persuaded, we believe it would be far greater error to permit reconsideration now after denial of petitions for rehearing and certiorari. There must be an end to dispute. If a situation arose, such as a subsequent decision by the Supreme Court, which showed that our original judgment was demonstrably wrong, a motion to. recall mandate might be entertained. The present case is far from that.

Motion denied.

1. Both the petition for rehearing and the present motion rely heavily upon bankruptcy cases. However, the general jurisdiction of the district court was not restricted, by some sort of analogy, to the bankruptcy scope just because the original plaintiff asked for the appointment of a receiver. Exchange cites no case making such a novel suggestion.

2. Rule 13(b). *"Permissive Counterclaims.* A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." All of the elements establishing the requisite, 3 Moore, Federal Practice, ¶13.19 [1], diversity jurisdiction appeared fully and uncontradicted in the record.