HAROLD C. BURR, administrator, *vs.* MASSACHUSETTS ELECTRIC COMPANY.

Worcester. February 5, 1969. — June 4, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Negligence,* Electricity, Toward employee of independent contractor, Duty to warn.

A finding of negligence on the part of an electric company toward an employee of an independent contractor which the company had engaged to trim trees near its uninsulated wires was not warranted by evidence of the circumstances in which the employee was electrocuted while working in the bucket of a boom and bucket arrangement on a truck when he came in contact with the wires, the location of which he knew and which he should have realized might be energized.

TORT. Writ in the Superior Court dated July 7, 1965.

The action was tried before *Chmielinski,* J.

*James C. Donnelly* for the defendant.

*Alexander C. Eggleston (Kevin T. Byrne* with him) for the plaintiff.

SPALDING, J. The declaration in this action of tort contains a count for wrongful death and a count for conscious suffering of the plaintiff's intestate, Peter Burr. At the close of the evidence the defendant moved for a directed verdict on each count. The motion on the count for conscious suffering was granted; the motion on the wrongful death count was denied, subject to the defendant's exception.

The defendant's amended answer alleged in substance that Burr was an "employee" of the defendant within the meaning of G. L. c. 152 (the Workmen's Compensation Act) because of his employment by an independent contractor, the F. A. Bartlett Tree Expert Company (Bartlett), which was engaged in work that was part of the trade or business of the defendant, and that the plaintiff accordingly was not entitled to recover. However, when the judge instructed the jury on the count for wrongful death, he did not mention this affirmative defence of common employment, and gave no instruction relative to it. To this failure to charge, the defendant excepted. The jury subsequently returned a verdict for the plaintiff. The defendant's bill of exceptions challenges the trial judge's denial of the motion for a directed verdict on the count for wrongful death, the exclusion from evidence of the contract between Bartlett and the defendant, and the failure to instruct the jury on the defence of common employment. Since we are of opinion that the motion for a directed verdict on the wrongful death count should have been granted, we deal only with that issue.

We summarize the evidence as follows. The accident occurred in front of 30 West Main Street in Millbury about midway between pole 45 and pole 46. The poles and wires were located on the northerly side of West Main Street, which runs in a westerly direction from the center of Millbury. The locus of the accident was one-half mile west of the center of town. On West Main Street the houses were 100 feet apart and set back thirty to fifty feet from the road, but to the west of the locus the distance between houses increased to 200 to 300 feet. To the south of the houses on the south side of West Main Street there were fields and woods for approximately one-half mile. In the rear of the houses on the north side were other houses which fronted on a different street, Elmwood Street.

Between poles 45 and 46 there were seven wires owned and maintained by the defendant and two fire alarm wires owned by the town. The defendant's wires occupied two levels, four on the top and three below. The three wires on the

lower level were referred to as 120/240 volt wires; two of them were energized while the middle one was neutral. These three wires were almost three feet above the two fire alarm wires.

Only a small proportion of the wires in Millbury were insulated. None of the wires running from pole to pole in the one-half mile from the scene of the accident to the center of Millbury was insulated. The defendant's wires, which apparently were installed prior to 1940, had once been covered with weatherproofing which had worn away. Weatherproofing is intended to provide a corrosion-proof covering rather than insulation.

There were a number of trees growing along various parts of the defendant's system and some of these trees had to be trimmed to prevent their interfering with the wires. The defendant contracted out about ninety-five per cent of this trimming. An arborist employed by the defendant supervised the work so as to insure the quality of the trimming. If he did not approve of the work he would request that it be done again.

At the time of the accident Burr and another employee of the tree company were working on a truck with a boom and bucket arrangement. Burr was in the bucket which could be operated either from the truck or from the bucket itself. Just before the accident Burr was descending in the bucket to an area of branches in a tree he had almost finished trimming. The fire alarm wires caught on a knob on the bucket, which then could not be moved. Burr then apparently raised himself to get a better view of how to proceed. In so doing, he was electrocuted when he came in contact with the neutral wire and one of the energized wires of the defendant's tier of three wires. There were no warning signs on the poles saying "danger live wires" or words to that effect. Nor did the defendant's arborist ever give any warnings to the tree trimmers as to the danger of live wires.[1]

---

[1] There was evidence that the foreman of the tree trimming crew informed them that they would be working around uninsulated live wires. This, of course, the jury were not required to believe.

The motion for a directed verdict should have been granted. The plaintiff contends that the defendant's failure to insulate the wires and to warn of the potential danger was evidence of negligence. It is true that in certain circumstances the failure to insulate may warrant a finding of negligence. *McCrea* v. *Beverly Gas & Elec. Co.* 216 Mass. 495. *Philbin* v. *Marlborough Elec. Co.* 218 Mass. 394. *Rasmussen* v. *Fitchburg Gas & Elec. Light Co.* 343 Mass. 515. But in each of those cases the victim of the accident was a member of the general public. Burr, however, was an employee of an independent contractor which the defendant had engaged to trim trees near its wires. The defendant, thus, owed him the same duty as it owed its own employees, and that duty was to disclose hidden defects of which the defendant was aware or of which in the exercise of reasonable care it should have known. Except in cases of hidden defects, the employer owes no duty to alter the conditions where the work is to be done or to make them safe for the employee. *Williams* v. *United Men's Shop, Inc.* 317 Mass. 319, 320. *Sparks* v. *Kepnes,* 339 Mass. 349, 351. There was no hidden defect here. Burr knew of the existence and location of the wires; and even if not warned of their danger, he should have realized that they might be energized. There is no duty to warn of dangers which are obvious or could be discovered by reasonable inspection (*Hannon* v. *Hayes-Bickford Lunch Sys. Inc.* 336 Mass. 268, 272–273), and therefore there was no breach of duty owed by the defendant to Burr.

The defendant's exception to the denial of its motion for a directed verdict must be sustained, and judgment is to be entered for the defendant. G. L. c. 231, § 122.

*So ordered.*