Donald E. POWERS, Plaintiff,
Appellant,

v.

BETHLEHEM STEEL CORPORATION,
Defendant, Appellee,

v.

McKIE LIGHTER CO., INC.,
Defendant, Appellee.

Donald E. POWERS, Plaintiff,
Appellant,

v.

McKIE LIGHTER CO., INC.,
Defendant, Appellee.

Nos. 72–1197, 72–1198.

United States Court of Appeals,
First Circuit.

Submitted July 26, 1973.

Decided Aug. 23, 1973.

Michael B. Latti, Boston, Mass., with whom Robert S. Wolfe and Kaplan, Latti & Flannery, Boston, Mass., were on brief, for appellant.

Leo F. Glynn, Boston, Mass., for appellee, McKie Lighter Co., Inc.

Charles E. Colson, Boston, Mass., with whom Cargill, Masterman & Cahill, Boston, Mass., was on brief, for appellee, Bethlehem Steel Corp.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

CAMPBELL, Circuit Judge.

Appellant has filed a motion for recall of mandate alleging that our decision of April, 1973, 477 F.2d 643 (1st Cir. 1973), denying relief for injuries incurred in the course of employment, should be reexamined in light of Mounsey v. Ellard, 1973 Mass.Adv.Sh. 871 (Sup.Jud.Ct. June 6, 1973), 297 N.E.2d 43, decided two months later by the Supreme Judicial Court of Massachusetts. Study of the *Mounsey* decision reveals that the mandate should stand.

We affirmed judgment for defendants on the basis of a longstanding Massachusetts doctrine maintaining that a landowner's duty to his employees or employees of an independent contractor is only to disclose hidden defects, not to repair obvious conditions in an unsafe work area. Burr v. Massachusetts Electric Co., 356 Mass. 144, 147, 248 N.E.2d 492, 495 (1969). *Mounsey* does not discuss employees or the duty owed to them.

■ The Supreme Judicial Court abolished the common law distinction between licensees and invitees, enlarging the class of persons toward whom the standard of reasonable care is owed. The plaintiff in *Mounsey* was an injured police officer denied recovery because public employees on private land have been considered licensees, and therefore, merely owed the duty to refrain from inflicting wanton and willful injury. The appellant in the instant case was, on the other hand, always regarded as an invitee.

■ Appellant relies on the Massachusetts court's formulation of one standard for all but trespassers: "reasonable care in all the circumstances", but this phrase according to the *Mounsey* court was not intended to change the traditional standards of negligence in the invitee area. 1973 Mass.Adv.Sh. at 886, 297 N.E.2d at 52. Furthermore, the court's own description of the duty now owed to an invitee would not justify reconsidering our opinion: ". . . it could be found that the defendants were under an obligation to warn the policeman of the dangers known to the defendants. . . ." 1973 Mass.Adv. Sh. at 887, 297 N.E.2d at 53.

■ Even if *Mounsey* had made a relevant change the Supreme Judicial Court did not indicate that the new rule should be applied retroactively. Courts generally do not abolish clear precedent retroactively when the parties may have relied upon the prior formulation of obligations. *See* Chevron Oil Co. v. Huson, 404 U.S. 97, 106–107, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971); Trala v. Shea, 335 F.Supp. 81 (D.Mass.1971). The Massachusetts court rejected a rule dating back to English common law, and the interpretation advanced by appellant would force employers to compensate for obvious conditions, thereby imposing a radical change in their legal obligations —a change not explicitly discussed by the Supreme Judicial Court nor even implicit in its decision.

The Supreme Judicial Court's decision in Colby v. Carney Hospital, 356 Mass. 527, 254 N.E.2d 407 (1969), to abolish charitable immunity in the next relevant case that came before it was applied only with respect to injuries occurring after the date of the *Colby* decision, and not with respect to injuries that may have occurred after the date of the accident in *Colby*. *Trala, supra*. Yet appellant would have us apply *Mounsey* to his case because his injury occurred after the injury in *Mounsey*.

■■ Recall of mandate is an inherent power of the Court of Appeals reserved for special circumstances and "sparingly exercised." *See* Greater Boston Television Corp. v. Federal Communication Comm., 149 U.S.App.D.C. 322, 463 F.2d 268, 276–277 (1971). Alleged erroneous rulings of law are generally not held to be sufficiently unconscionable to justify reopening a judgment not void when issued. Hines v. Royal Indemnity, 253 F.2d 111 (6th Cir. 1958); Iverson v. Commissioner of Internal Revenue, 257 F.2d 408 (8th Cir. 1958). The importance of bringing an orderly end to litigation demands that recall not be liberally allowed:

"If we were in error in this appraisal, of which we are not presently persuaded, we believe it would be far greater error to permit reconsideration now after denial of petition for rehearing and certiorari. There must be an end to dispute. If a situation arose, such as a subsequent decision by the Supreme Court, which showed that our original judgment was demonstrably wrong, a motion to recall

mandate might be entertained. The present case is far from that." Legate v. Maloney, 348 F.2d 164, 166 (1st Cir. 1965).

Appellant tells us that his petition for certiorari was docketed in the United States Supreme Court on July 9, 1973, and has not yet been acted upon. The latter fact may cut both ways; but in any event it does not lead us to see this case as being governed by considerations different from those cited above.

Motion for recall of mandate and petition for rehearing denied.