RUDOLPH DUPONT *vs.* MOUNT HOPE MACHINERY COMPANY. December 9, 1975. The defendant's bill of exceptions comes here after a jury trial as an appeal under the provisions of Rule 1A, Mass. R.Civ.P. 365 Mass. 731 (1974), following a verdict for the plaintiff in an action of tort for personal injuries. The issues presented are whether the court erred in its denial of the defendant's motion for a directed verdict at the close of the evidence and again after a verdict taken under leave reserved. We consider the evidence in its light most favorable to the plaintiff. *Lee* v. *Allied Sports Associates, Inc.* 349 Mass. 544, 545 (1965). The plaintiff, an employee of an independent contractor, was injured on the defendant's premises when struck by an elevator door which had been raised by him and his foreman and fixed in place by the latter preparatory to replacing a switch located to the rear and near the bottom of the wooden frame of the elevator doorway. The door weighed between 75 and 100 pounds. The foreman inserted the pin of a bolt, attached to the front of the elevator door, into a hole in the wooden frame of the elevator doorway and turned the bolt into the locked position. The diameter of the pin was approximately ⅜″ while that of the hole was ⅝″ to ⅞″ and "irregular" in shape. The frame was about ⅞″ thick and the pin was inserted in the hole to a depth of about ½″. He tried the device and found it secure. Light came from a 100-watt bulb, 2½ feet below a 15-foot ceiling, and 3 or 4 feet to one side of the elevator. The lighting was described as "bad" and "not very clear." The plaintiff, while seated on the elevator floor under the door and using screwdrivers and pliers, loosened screws at the bottom of the frame and pried out the frame not more than ½″. His foreman drew the conduit for the switch from behind the frame and gave it to the plaintiff who removed the defective switch. As he was about to receive its replacement from the foreman, the door fell. The men had then been working there for about fifteen minutes. It was the defendant's duty to warn the plaintiff, as an employee of an independent contractor, of any hidden defect in the device employed to hold the door in place, of which the defendant knew or should have known. *Gallo* v. *Leahy,* 297 Mass. 265, 268 (1937). *Lawler* v. *General Elec. Co.* 1 Mass. App. Ct. 220, 222-223 (1973). Contrast *Burr* v. *Massachusetts Elec. Co.* 356 Mass. 144, 147 (1969). The cause of the door's fall was conjectural. The record does not support the plaintiff's contention that there was evidence from which the jury could have found that the device was latently defective or that the alleged defect caused the door to fall. The orders denying the defendant's motions are reversed. The verdict for the plaintiff is to be set aside and judgment entered for the defendant.

*So ordered.*

*William J. Fenton* for the defendant.
*Cornelius J. Sullivan* (*Hershel Zonderman* with him) for the plaintiff.