**Helen B. FEENEY, Plaintiff,**

v.

**The COMMONWEALTH OF MASSA-CHUSETTS et al., Defendants.**

**Civ. A. No. 75–1991–T.**

United States District Court,
D. Massachusetts.

Aug. 17, 1979.

Ropes & Gray, Richard P. Ward, John Reinstein, Boston, Mass., for plaintiff.

John J. Curtin, John F. Adkins, Bingham, Dana & Gould, Thomas Kiley, First Asst. Atty. Gen., Boston, Mass., for American Legion.

Before CAMPBELL, Circuit Judge, and TAURO and MURRAY, District Judges.

## MEMORANDUM AND ORDER

After the Supreme Court's opinion and judgment reversing this court's decision in the present case, *Personnel Administrator of Massachusetts v. Feeney,* — U.S. —, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979), plaintiff moved that we set a briefing schedule and entertain oral argument on plaintiff's due process claims which, she says, have not so far been considered in this litigation and were not foreclosed by the Supreme Court's ruling. Plaintiff's motion is vigorously opposed by the Commonwealth of Massachusetts, which has moved for immediate entry of a final judgment in its favor.

This court has already written in the present case two opinions concerning the Massachusetts Veterans Preference statute, the more recent in response to a remand from the Supreme Court directing reconsideration of our first opinion. The matter is now before us upon the Court's remand for further proceedings consistent with its opinion. *Id.,* —, 99 S.Ct. 2282. At this late date, having in mind that the Court's decision commands the support of seven Justices, we would think it improper to delay implementation of the Court's opinion without a persuasive showing that the issues sought to be presented were both substantial and proper for our consideration at this time.

It is true that a violation of due process as well as of equal protection was alleged in the complaint, and that due process arguments were advanced in the briefs within the context of claims of sex discrimination. It is also true that the majority opinions of this court, and the decision of the Supreme Court overturning same, were premised on the equal protection clause of the fourteenth amendment,[1] leaving it to this court to deal now with any remaining due process issue that was earlier raised and not decided.

We do not believe, however, that the due process issues that were pleaded and previously addressed in the parties' briefs and arguments encompassed the principal contention plaintiff now seeks additional time to brief and argue. The argument now sought to be raised does not rest on alleged sex discrimination but on the claim that the Massachusetts Veterans Preference law denies access to public employment on a wholesale basis and therefore deprives the excluded non-veterans, who would be male as well as female, of liberty. *See Hampton v. Mow Sun Wong,* 426 U.S. 88, 96 S.Ct. 1895, 48 L.Ed.2d 495 (1976).[2] This argument was not developed until now and, for reasons hereinafter discussed, we are not inclined to permit plaintiff to begin over again with this new theory of constitutional violation.

■ The due process claims stated in the complaint and in previous briefs were of a different order, being allied to the sex discrimination claim underlying plaintiff's equal protection argument. Paragraph 36 of the complaint alleged that by systematically excluding qualified and eligible female applicants on the basis of sex, the Massa-

1. Writing for the Court, Mr. Justice Stewart stated the issue as follows: "The sole question for decision on this appeal is whether Massachusetts, in granting an absolute lifetime preference to veterans, has discriminated against women in violation of the Equal Protection Clause of the Fourteenth Amendment." *Personnel Administrator of Massachusetts v. Feeney,* — U.S. at —, 99 S.Ct. at 2292 (U.S. 1979).

2. Plaintiff did cite *Hampton v. Mow Sun Wong,* 426 U.S. 88, 96 S.Ct. 1895, 48 L.Ed.2d 495 (1976), in a supplemental memorandum submitted after the Supreme Court's remand for reconsideration in light of *Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976), but based her substantive due process liberty argument on the statute's "near blanket, permanent exclusion of *women* from a major sector of employment." [Emphasis added.]

chusetts Veterans Preference statute deprived the plaintiff of the equal protection of the law *and* of due process. Sex discrimination was also central to a due process claim asserted in paragraph 45 resting on the sex-biased nature of the armed forces. The major due process argument in plaintiff's brief proceeded on the theory that, by creating an irrebuttable presumption in favor of veterans, the statute worked an invidious discrimination against women. These theories were all bottomed on sex discrimination. It was not contended that non-veterans of both sexes were unconstitutionally deprived of a liberty interest in public employment.

The due process arguments set forth in the preceding paragraphs—which are the ones raised in the previous course of this litigation—are, we think, rendered insubstantial by the Supreme Court's decision in this case. While the Court's decision speaks to the equal protection clause, it leaves little if any room for sex discrimination arguments resting on the due process clause. Thus the claim in paragraph 45 of the complaint, referring to due process and equal protection, was specifically disposed of on pages 19–20 of the Court's opinion, although without actual reference to the due process component. We find it inconceivable that after rejecting a claim of sex discrimination based on equal protection grounds, the Court would accept a comparable claim resting on due process grounds. Nothing in its opinion or in the applicable law invites such an assumption. We therefore hold against plaintiff on these originally stated due process claims at this time, believing that any further argument to us concerning them would serve no purpose, and would furthermore be inappropriate as

it would needlessly delay entry of judgment and unfairly affect those who stand to benefit from the Massachusetts Veterans Preference law.[3] If we have misread the Court, plaintiff is, of course, free to seek correction by the Court itself.

■ We are left with plaintiff's newly-raised due process argument—that non-veterans' substantive liberty interest in public employment is subverted by the Massachusetts Veterans Preference law. As already indicated, this presents a new legal theory, distinct from any previously stated. While upon remand from the Supreme Court we feel obliged to determine previously raised questions that still remain open (and so have here decided the particular due process arguments mentioned in the preceding paragraph), we do not feel the same way about newly-tendered legal theories. We could perhaps entertain such claims as a matter of discretion. However, at this very late stage, an interest in orderly litigation cautions against entertaining arguments not previously raised absent very compelling circumstances; parties should ordinarily litigate all issues at one time rather than piecemeal. *Cf. United States v. Charest,* 602 F.2d 1015 at 1018 (1st Cir. 1979) (government may not, on appeal, change focus of case and thereby seek to present an entirely different case); *Rodriguez de Quinonez v. Perez,* 596 F.2d 486, 492 (1st Cir. 1979), *petition for cert. filed,* 47 U.S.L.W. 3826 (U.S. June 26, 1979) (petition for rehearing will not be granted to hear new argument which could have been earlier raised); *Troxel Manufacturing Co. v. Schwinn Bicycle Co.,* 489 F.2d 968, 970–71 (6th Cir. 1973), *cert. denied,* 416 U.S. 939, 94

**3.** As we point out in this memorandum, the plaintiff was fully heard on her due process claim in the previous course of the litigation in this court on her briefs and in oral argument. The court did not reach the due process argument, electing to rest the decision on the equal protection ground, *Anthony v. Com. of Mass.,* 415 F.Supp. 485, 499 n.15. (The argument was considered in the dissenting opinion. *Id.* at 504–05 n.9.) This, of course, did not foreclose plaintiff as the prevailing party from presenting the due process claim to the Supreme Court.

*Dandridge v. Williams,* 397 U.S. 471, 475–76 n.6, 90 S.Ct. 1153, 1156, 25 L.Ed.2d 491 (1970). We now have decided against plaintiff on the due process claim in light of the previous hearing of the issue and the Supreme Court's opinion and judgment. We think such consideration can hardly be viewed as "dispos[ing] of plaintiff's sex based due process theory in one sentence." We know of no authority which requires the court to hear plaintiff's claim a second time.

S.Ct. 1942, 40 L.Ed.2d 290 (1974) (no abuse of discretion to deny motion to assert alternative theory of recovery after defendant had had to defend against theory originally presented at both the trial and appellate level); *Powers v. Bethlehem Steel Corp.,* 483 F.2d 963, 964 (1st Cir. 1973) (noting importance of bringing an orderly end to litigation). It may be that decisions have recently come down affording somewhat greater support to plaintiff's new theory than was available two years ago, but clearly the law has not changed so much in plaintiff's favor that the present denial of relief is demonstrably wrong or palpably unjust or erroneous. *See Legate v. Maloney,* 348 F.2d 164, 166 (1st Cir. 1965). To the contrary, plaintiff's new claim at very best faces an uncertain future, and its prospects are scarcely improved by the fact that a sizeable majority of the Supreme Court has—on another ground to be sure—just approved the Massachusetts Veterans Preference law. It would be unfair to defendants, after the latter have prevailed on the equal protection and now the due process theories originally presented, to allow plaintiff to test yet another theory and to continue on what would become a new law suit. This is not to say that plaintiff or others may not pursue whatever further state or federal remedies may yet properly be available to them concerning the controversial legislation in issue, but the time has come to put this particular case to rest.

We therefore deny plaintiff's motion for further argument. We allow defendant's motion for entry of judgment in the form proposed in the draft, except we strike the word "otherwise" in the fourth line and insert the words "for that reason."

*So ordered.*

TAURO, District Judge, dissenting.

The basic issue before this court involves a request by plaintiff's counsel to file a brief and make oral argument to the effect that the Massachusetts Veterans Preference Act (The Act) is unconstitutional as being violative of his client's due process rights under the Fourteenth Amendment. I would grant plaintiff's counsel's request for two reasons. In the first place, I know of no authority, and the majority cites none on point, which would permit a trial court to refuse to consider and decide a legal issue adequately pleaded.[1] Second, it makes sense as a matter of efficient and responsible judicial administration for this court to decide the remaining issue in this case, rather than leave that task to another forum. I will treat these points seriatim.

### I.

Plaintiff's complaint embodies both equal protection and due process challenges to the Act. The majority of this court twice opined that the Act did not afford plaintiff equal protection of the law and, therefore, was unconstitutional. We made no judgment with respect to any possible due process claim pleaded by the plaintiff.

The Supreme Court remanded our first opinion for reconsideration. The Court later reversed our second opinion and remanded for "proceedings consistent with this opinion." *Personnel Administrator of Massachusetts v. Feeney,* —— U.S. at ——,

---

1. Plaintiff's complaint must be read as encompassing a broad Fourteenth Amendment attack on the constitutionality of the Act, as well as a narrow challenge on a theory of sex discrimination. Paragraph six of the complaint states:

  This is an action for declaratory and injunctive relief . . . commenced to redress the deprivation, . . ., of rights of the plaintiff secured to her by the Fourteenth Amendment to the United States Constitution.

  Paragraph seven states:

  There exists an actual controversy between the plaintiff and defendants as to the consti-

tutionality of the hiring practice, . . . ., which gives to qualified candidates for permanent positions in the Classified Civil Service who are veterans a preference in rank over non-veteran qualified candidates on the eligible lists from which certifications to permanent positions in the Classified Civil Service are made.

  Certainly, the complaint would survive a motion to dismiss based on a theory that it failed to allege a due process deprivation based on veteran—non-veteran status.

99 S.Ct. at 2297 (U.S.1979). In reversing us, the Court specifically limited its holding to an analysis of plaintiff's equal protection claim. Any due process claims were left open.[2]

In my view, the Court's mandate for "proceedings consistent with this opinion" requires that we reconvene to consider and decide any and all remaining theories for relief pleaded in plaintiff's complaint. The prime issue left unresolved by both this court and the Supreme Court is whether the Act serves to deprive the plaintiff of Fourteenth Amendment due process guarantees. The due process issue has two related but independent theories. The first revolves around plaintiff's status as a woman non-veteran. The second embodies a broader challenge based on plaintiff's status as a non-veteran, without reference to sex as a pivotal factor.

My colleagues now join in a new majority, expressing the thought that the Supreme Court's decision on the plaintiff's equal protection claim would be dispositive of any due process claim based on sex. On that premise they dispose of plaintiff's sex based due process theory in one sentence,[3] without even affording plaintiff the opportunity to be heard on the subject. While I am usually among the first to applaud expeditious resolution of litigation, I feel compelled to disassociate myself from such summary disposition of a properly pleaded constitutional issue.

Notwithstanding that holding by the majority, the circumstances of this case compel further consideration of plaintiff's complaint by this court. Even if it is conceded that the Court's equal protection opinion would be controlling, as opposed to persuasive, precedent to a due process challenge by plaintiff based on sex, there remains open the broader question as to whether the Act deprives non-veterans, males and females alike, of due process. The majority apparently concedes that this broader issue was adequately pleaded by the plaintiff,[4] though not argued to date. In our prior opinions, however, we did not foreclose plaintiff's due process claims. Rather, we merely determined that it was not necessary to reach due process issues in view of our disposition of the equal protection claim. We have since been reversed and mandated to take action consistent with the Court's opinion. We, therefore, must now do that which we thought unnecessary in our prior opinions, that is address the due process issues.

The fact that to do so now may amount to piecemeal review of the complaint is not the fault of the plaintiff. Indeed, it is not the fault of this court. We thought, incorrectly, that by focusing on the single issue of equal protection, the question of the Act's constitutionality would be resolved. The fact that, in good faith, we have spent several years wandering down the wrong path does not mitigate our responsibility to

2. "The *sole* question for decision on this appeal is whether Massachusetts, in granting an absolute lifetime preference to veterans, has discriminated against women in violation of the Equal Protection Clause of the Fourteenth Amendment." *Feeney, supra,* —— U.S. ——, 99 S.Ct. at 2292 (emphasis supplied).

3. "We therefore hold against plaintiff on these originally stated due process claims at this time, believing that any further argument to us concerning them would serve no purpose, and would furthermore be inappropriate as it would needlessly delay entry of judgment and unfairly affect those who stand to benefit from the Massachusetts Veterans Preference law." Majority Opinion at page 111.

4. The majority opinion states at page 110, '[A] violation of due process as well as of equal protection was alleged in the complaint, . . ."

A later comment by the majority in the succeeding paragraph makes its position less certain. "We do not believe, however, that the due process issues that were pleaded and previously addressed in the parties' briefs and arguments encompassed the principal contention plaintiff now seeks additional time to brief and argue."

In any event, it has long been settled that, under Rule 8 of the Federal Rules of Civil Procedure, a complaint is only required to contain a short and plain statement of facts demonstrating that the pleader is entitled to relief. "It is not necessary to set out the *legal theory* on which the claim is based." *Siegelman v. Cunard White Star,* 221 F.2d 189, 196 (2d Cir. 1955) (J. Harlan) (emphasis added). *See also* 2A Moore's Federal Practice section 8.14.

now decide the remaining constitutional challenge raised by plaintiff in her complaint. In short, we have no power to refuse to decide.[5]

## II.

Even assuming we have some discretion with respect to what issues we will or will not decide, common sense demands that we address the one issue remaining in this case—that of due process. The majority's position basically is that it is too late in the game for us to take up a due process issue not yet briefed or argued. It believes the resolution of that issue is better left to another day before another forum. Such an approach is inconsistent with all accepted concepts of efficient judicial administration. If, while this case was pending, the plaintiff had filed an independent due process challenge in this District, that case would have been assigned to this forum as a "related case" under Local Rule 8. We have such a rule because we seek to avoid imposing any unnecessary duplication of effort on the busy judges of this court.

The record in this case is complete. There is no need for further evidence. We are familiar with the facts and the general positions of the parties. All that remains is for plaintiff's counsel to have the opportunity to brief and argue the due process issue. Counsel represented to us that his brief could be filed within a few weeks. Oral argument could be limited by us to an hour or so, if indeed we thought argument was necessary. The entire matter could be concluded by late fall.

What the majority has said, however, is that we will not even hear the plaintiff's theory and that final resolution of the long pending Veterans Preference saga must be postponed until some indefinite time in the future. I feel the more responsible approach would be to hear the parties now and then decide the issue. I see no justifi-

cation for imposing this responsibility on some other forum.

---

5. The majority presumes it has the discretion to refuse to decide an issue adequately pleaded. The cases it cites in support of such a proposition are clearly inapposite. Each deals with an attempt by a party to inject a new issue *after* a

hearing on the merits. The plaintiff here, however, has never had a hearing on the merits of her remaining due process claims. *See* Majority Opinion at pages 111 and 112.