MARIE MOLINARI & another vs. CITY OF BOSTON.

Suffolk.    November 8, 1955. — December 30, 1955.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & WHITTEMORE, JJ.

*Municipal Corporations,* Liability for tort, Officers and agents, Public
schools, Nuisance. *School and School Committee. Public Officer.
Nuisance.*

In view of the principle that the school committee of a city in charge of
  its schoolhouses act as public officers and not as agents of the city, no
  cause of action was stated by allegations in the declaration in an ac-
  tion against the city that the plaintiff, a pupil in one of the schools,
  was injured when she was "wilfully and recklessly ordered and com-
  pelled by an agent and/or employee of the defendant" to take a dan-
  gerous position in a classroom close to an "extremely hot" exposed
  steam radiator or pipes.  [395–396]
Liability of a city toward a pupil in one of its public schools on the ground
  of nuisance was not shown by allegations that an "extremely hot"
  exposed steam radiator or pipes, close to which she was "required and
  compelled" to be in a classroom, "were so constructed, maintained
  and/or operated by" the city "as to be and constitute a nuisance to"
  her causing her to be injured.  [396]

TORT.    Writ in the Superior Court dated August 2, 1954.
The action was heard by *Hudson,* J., on demurrer.

*Charles F. Nayor,* for the plaintiffs.

*Arthur G. Coffey,* Assistant Corporation Counsel, for the
defendant.

WILLIAMS, J.    The plaintiffs appeal from an order of the
Superior Court sustaining the defendant's demurrer to
their amended declaration.   In count 1 it is alleged that the
plaintiff Marie Molinari on January 25, 1954, while a pupil
in attendance at the Christopher Gibson School, a public
school of the defendant, was "wilfully and recklessly ordered
and compelled by an agent and/or employee of the de-
fendant to assume and occupy a position of danger to her
health and safety; to wit, a position in . . . [the] classroom
close to an exposed, extremely hot and dangerous steam radi-

ator and/or pipes, which . . . were so constructed, maintained and/or operated by the defendant, its agents, servants and/or employees as to be and constitute a nuisance to the plaintiff in her person and property in the position which the plaintiff was required and compelled to assume and occupy in said classroom; and that as a result thereof, the plaintiff was caused to sustain . . . injuries and damage to her person and property . . .."

In count 2 the plaintiff Mary Molinari, mother of Marie, alleges consequential damage.

The defendant avers as ground for demurrer that the declaration sets forth no legal cause of action.

The duty to provide and maintain schoolhouses properly furnished for the accommodation of children entitled to attend the public schools is imposed by general law upon all towns and cities in the Commonwealth. G. L. (Ter. Ed.) c. 71, § 1, as amended; § 68, as appearing in St. 1934, c. 97, § 1. *Hill* v. *Boston,* 122 Mass. 344. Unless the municipality otherwise directs, the general charge of the schoolhouses is vested in the school committee, §§ 37 and 68, which shall "keep them in good order, and shall, at the expense of the town [or city] . . . provide fuel and all other things necessary for the comfort of the pupils" (§ 68). See *Ring* v. *Woburn,* 311 Mass. 679; *Hayes* v. *Brockton,* 313 Mass. 641.

The committee is a board of public officers whose duties are prescribed by statute, and in the execution of its duties the members act not as agents of the municipality but as public officers. *McKenna* v. *Kimball,* 145 Mass. 555. *Warburton* v. *Quincy,* 309 Mass. 111, 114. Its powers include the employment not only of teachers but also of janitors and custodians, *Ring* v. *Woburn, supra,* at page 687, and the absolute right to fix their salaries. *Watt* v. *Chelmsford,* 323 Mass. 697, 700. *Ring* v. *Woburn, supra.* No other officer has authority over the maintenance of schoolhouses. *McKenna* v. *Kimball, supra.*

It is settled that the municipality is not liable for the torts of public officers or for those of their agents and servants acting in the discharge of the public duties imposed upon

them. *Reitano* v. *Haverhill*, 309 Mass. 118, 122. This principle applies to the "negligent or tortious acts" of those charged with the conduct of the public schools or with the construction and maintenance of schoolhouses. *Bolster* v. *Lawrence*, 225 Mass. 387, 389. See *Bigelow* v. *Randolph*, 14 Gray, 541; *Hill* v. *Boston*, 122 Mass. 344; *Sullivan* v. *Boston*, 126 Mass. 540, 542; *Howard* v. *Worcester*, 153 Mass. 426; *Kelley* v. *Boston*, 186 Mass. 165. It is therefore plain that the plaintiffs are not entitled to recover damages from the city. Whether the agent or employee to whom the declaration refers was a teacher or custodian of the schoolhouse and whether the act of such agent or employee was reckless or wilful (*Buttrick* v. *Lowell*, 1 Allen, 172), the city is not liable for the injury to the pupil.

The plaintiffs gain no advantage by asserting the existence of a nuisance. See *Whalen* v. *Worcester Electric Light Co.* 307 Mass. 169, 175; *Samuel* v. *White Fuel Corp.* 332 Mass. 264, 267. The case does not come within that somewhat restricted class illustrated by *Towner* v. *Melrose*, 305 Mass. 165, where a private nuisance may be created by a municipality in the performance of public work by permitting such use of its land as to damage the property of another outside the limits of the work; in which circumstances the use for the benefit of the public is no justification. The alleged injury to the minor plaintiff resulted from the improper construction or maintenance of the heating system in a building which the school committee was bound to provide in the performance of its public duties.

*Order sustaining demurrer affirmed.*