EDWIN A. COLBY, administrator, *vs.* CARNEY HOSPITAL.

Suffolk. December 5, 1969. — December 23, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & QUIRICO, JJ.

*Charity. Corporation,* Charitable corporation. *Hospital. Constitutional Law,* Charitable immunity.

The doctrine of charitable immunity is not repugnant to either the Federal Constitution or the Massachusetts Constitution.

This court declared its intention to abolish the doctrine of charitable immunity on the first appropriate occasion.

TORT AND CONTRACT. Writ in the Superior Court dated January 31, 1964.

The action was heard by *Barron,* J., on the plaintiff's demurrer to the defendant's answer.

*Joseph J. Hurley (Edwin A. Colby* with him) for the plaintiff.

*Philander S. Ratzkoff* for the defendant.

WILKINS, C.J. The plaintiff administrator brings this action of tort and contract for the death and conscious suffering of his intestate. The defendant hospital set up,

among other things, the defence of charitable immunity. The plaintiff demurred to this part of the answer, stating that it "does not set forth a valid or legal defense, in that said defense as alleged violates and abrogates certain rights, privileges and immunities granted to, and preserved for the citizens of the Commonwealth" under arts. 1, 10, 11, 12, 20, and 30 of our Declaration of Rights and also under the Fifth and Fourteenth Amendments to the Constitution of the United States. A judge in the Superior Court overruled the demurrer, and the plaintiff appealed.

The demurrer was rightly overruled. Nothing has been brought to our attention suggesting that the doctrine of charitable immunity is repugnant to any provision of the Constitutions of the United States and the Commonwealth.

In the past on many occasions we have declined to renounce the defence of charitable immunity set forth in *McDonald* v. *Massachusetts Gen. Hosp.* 120 Mass. 432, and *Roosen* v. *Peter Bent Brigham Hosp.* 235 Mass. 66. See, for example, *Barrett* v. *Brooks Hosp. Inc.* 338 Mass. 754; *Simpson* v. *Truesdale Hosp. Inc.* 338 Mass. 787; *Boxer* v. *Boston Symphony Orchestra, Inc.* 342 Mass. 537, 542. We took this position because we were of opinion that any renunciation preferably should be accomplished prospectively and that this should be best done by legislative action.[1] Now it appears that only three or four States still adhere to the doctrine. See Restatement 2d: Trusts, § 402 (2), and Comment on Subsection (2); Prosser on Torts (3d ed.) § 127, at pp. 1021–1024. It seems likely that no legislative action in this Commonwealth is probable in the near future. Accordingly, we take this occasion to give adequate warning that the next time we are squarely confronted by a legal question respecting the charitable immunity doctrine it is our intention to abolish it.

*Order overruling demurrer affirmed.*

---

[1] We also have been aware that in 1959 following the decision in *Collopy* v. *Newark Eye & Ear Infirmary*, 27 N. J. 29, the New Jersey Legislature enacted a statute limiting liability of a nonprofit hospital to a beneficiary for negligence to an amount not exceeding $10,000 with interest and costs. N. J. Sts. Ann. 2A: 53A-8.