Linda Gruszecki TRALA

v.

Cyril E. SHEA, Jr., et al.

Civ. A. No. 71-1725-W.

United States District Court,
D. Massachusetts.

Dec. 22, 1971.

Michael Mone, Schneider & Reilly, Inc., Boston, Mass., for plaintiff.

Frederick Pillsbury, Springfield, Mass., for defendants.

## MEMORANDUM AND ORDER

WYZANSKI, Senior District Judge.

August 23, 1971 plaintiff filed a complaint against defendant Wesson Memorial Hospital and others alleging that the hospital caused her to suffer damage by the treatment it gave her during October 1964. September 17, 1971 Wesson Memorial Hospital answered denying liability.

On November 18, 1971 Wesson Memorial Hospital moved to amend its answer to add a fifth defense, alleging that "it is a public charity and therefore its liability, if any, in said cause of action shall not exceed the sum of Twenty Thousand Dollars ($20,000), exclusive of interest and costs." The following day the plaintiff noticed her opposition to the motion on the implied ground that there does not exist any partial immunity for a public charity such as is implied in the proposed fifth defense.

At the time that the defendant hospital allegedly inflicted injury upon the plaintiff and at the time plaintiff allegedly sustained her damages the law of Massachusetts gave immunity from tort liability to charitable institutions such as the defendant hospital. Colby v. Car-

ney Hospital, 356 Mass. 527, 254 N.E.2d 407 (1969).

■ But plaintiff urges that the doctrine of *Carney Hospital* and earlier cases to the same effect does not apply to her because in the *Carney Hospital* case the Supreme Judicial Court stated, at p. 528, 254 N.E.2d at p. 408, "that the next time we are squarely confronted by a legal question respecting the charitable immunity doctrine it is our intention to abolish it." This court interprets that elliptical statement as abolishing the doctrine only with respect to complaints of injuries inflicted after December 23, 1969, the date of the *Carney* opinion. This court understands the Massachusetts court as having meant that its new doctrine would not be retrospective and thus deprive surprised charitable institutions of an adequate opportunity to insure themselves against a newly imposed liability.

■ Furthermore, apart from the aforesaid construction of the meaning of the *obiter dictum* in *Carney*, this court concludes that on general principles the Massachusetts courts would not permit this plaintiff to recover from this defendant upon the basis of facts which would not have warranted a recovery under clear past precedent, on which litigants may have relied, and which was overruled by the promulgation, after the events, of a new principle of law. See Hanover Shoe, Inc. v. United Shoe Machinery Corp., 392 U.S. 481, 496, 88 S. Ct. 2224, 20 L.Ed.2d 1231; Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). Nor is that conclusion made less likely if we also consider as relevant the prior history of the old rule exempting charitable institutions from tort liability, or the possible inequity, injustice, or hardship to the injured plaintiff of denying retroactivity to the new principle abolishing the immunity. See Chevron Oil Co. v. Huson, *supra*. To be sure, it is hard on any injured person, like plaintiff, not to have a remedy for the damages he suffers. But it is also inconsistent with the long maintained older policies of the Commonwealth of Massachusetts to permit assets acquired by a charity for charitable purposes to be used for compensating victims of the charity's torts; and, as already noted, retroactive application of the new principle imposing liability would mean in practice that many charities would not have been seasonably apprized of the economic need for insurance against the risks to which they have been newly subjected.

In short, this court concludes that under the non-statutory law of Massachusetts defendant Wesson Memorial Hospital would not be liable in tort to plaintiff for injuries inflicted before December 23, 1969.

■ It remains to be noticed that on September 17, 1971, after the date of the complaint filed herein, Massachusetts did impose tort liability upon charitable organizations, St.1971, c. 785. However, it limited the liability to twenty thousand dollars exclusive of interest and costs. In its proposed amendment to its answer defendant Wesson Memorial Hospital apparently admits the applicability of this statute to it in the instant case. This court has no occasion to consider now whether c. 785 is applicable to an action for damages resulting from injuries inflicted before September 17, 1971, or to an action brought before that date. All that this court decides is that if c. 785 is applicable, the liability of the charitable organization thereunder is limited to $20,000 exclusive of interest and costs.

Motion to amend answer allowed.