ROBERT RICKER, administrator and individually, *vs.*
NORTHEASTERN UNIVERSITY & another.

Suffolk. February 8, 1972. — February 14, 1972.

Present: CUTTER, SPIEGEL, REARDON, & HENNESSEY, JJ.

*Charity. Corporation,* Charitable corporation. *Stare Decisis. Statute,* Retroactive statute.

This court's dictum in *Colby* v. *Carney Hospital,* 356 Mass. 527, 528 (1969), declaring its intention to abolish the doctrine of charitable immunity on the first appropriate occasion, did not have the effect of abolishing that doctrine. [170–171]

Statute 1971, c. 785, which modified the doctrine of charitable immunity, does not have retrospective effect. [171–172]

CERTIFICATION of a question of law to the Supreme Judicial Court by the United States District Court for the District of Massachusetts.

*Michael E. Mone* for the plaintiff.
*Daniel A. Lynch* for the defendant Northeastern University.
*John M. Hall & Gene M. Davidson* for Cambridge Junior College, amicus curiae, submitted a brief.
*Michael B. Latti & Arthur L. Bowen,* for Rose Marie Tracy, amicus curiae, submitted a brief.

CUTTER, J. This question of law, arising in a civil action [1] in the United States District Court, District of Massachusetts, has been certified to us by a senior judge of that court under S. J. C. Rule 3:21 (359 Mass. 790, approved October 29, 1971). He requests that this court determine whether "a charitable corporation organized under . . . [G. L. c. 180] is immune from a suit for personal injuries and death brought on April 2, 1970, for an alleged series of negligent acts which occurred between

---

[1] Civil Action No. 70–473–W.

April 1–12, 1968, prior to the . . . [o]pinion in *Colby* v. *Carney* [*Hosp.*], 356 Mass. 527" which this court decided on December 23, 1969. The parties in the Federal court action have entered their appearances in this court and some have filed briefs. There have been oral arguments by those principally concerned with the question put to us.

The certificate of the judge and copies of the pleadings in the Federal action show that the following allegations have been made. Northeastern University (Northeastern) is a Massachusetts corporation. The codefendant, Dr. Elliot Bresnick, is a practicing physician. The plaintiff is the administrator, appointed by the Probate Court for Suffolk County, of the estate of Paul Ricker (Paul), at the time of his death a minor and a student at Northeastern. About April 1, 1968, Paul was admitted to Northeastern's infirmary. He came under the care of Dr. Bresnick. It is alleged that Paul was negligently treated by Dr. Bresnick and by the employees of Northeastern, and that such alleged negligence resulted in Paul's death on April 19, 1968. Recovery under G. L. c. 229, as amended, is sought for wrongful death. There are counts seeking recovery for Paul's conscious suffering and for medical expenditures by the plaintiff, Paul's father.

Northeastern denies the material allegations of the complaint and asserts as an affirmative defence that Northeastern was organized under G. L. c. 180, as amended, and that the "alleged accident occurred on the premises occupied and used by" Northeastern "for the direct purpose of carrying on the activities for which it was incorporated." This we take to be an adequate and comprehensive assertion of the defence of charitable immunity.

In *Colby* v. *Carney Hosp.* 356 Mass. 527, 528, we said: "In the past on many occasions we have declined to renounce the defence of charitable immunity set forth in *McDonald* v. *Massachusetts Gen. Hosp.* 120 Mass. 432 . . . . We took this position because we were of opinion that *any renunciation preferably should be accomplished prospectively and that this should be best done by legis-*

*lative action.* Now it appears that only three or four States still adhere to the doctrine. . . . It seems . . . that no legislative action in this Commonwealth is probable in the near future. Accordingly, we take this occasion to give *adequate warning* that the *next time* we are squarely confronted by a legal question respecting the charitable immunity doctrine *it is our intention* to abolish it" (emphasis supplied). This language does not by itself abolish the doctrine of charitable immunity as of December 23, 1969, the date of the *Colby* decision. The italicized language of the portion of the opinion, just quoted, makes it clear that no change of the doctrine was then being made. We view the language as serving at least the two separate purposes of (1) inviting legislative attention to the desirability of action to bring the Massachusetts law into harmony with decisions elsewhere, and (2) giving notice to charitable corporations conducting operations in Massachusetts of the advisability of insurance against possible tort liabilities.

On various occasions, we have indicated our reluctance to revise rules of law of long standing, where that more appropriately and more flexibly may be done by legislation having prospective effect. See e.g. *Lombardo* v. *D. F. Frangioso & Co. Inc.* 359 Mass. 529, 531. The Judicial Council in its Forty-sixth Report (1970), Pub. Doc. No. 144, pp. 81–82, in recommending legislation (after the decision in the *Colby* case) took the view that legislative abolition of the doctrine, subject to specified limitations, was appropriate. It clearly did not regard the *Colby* case as having accomplished that end. The same judge, who has certified the present question to us, took much the same position in a case decided by him prior to his certificate (dated January 10, 1972) in the present proceeding. See *Trala* v. *Shea*, 335 F. Supp. 81 (D. Mass.).

The Legislature now has acted, after opportunity to consider all elements of the public interest. Statute 1971, c. 785, expresses the view of the Legislature of the action it considered appropriate with respect to the long-standing problem of charitable immunity which arose in the

*McDonald* case, 120 Mass. 432, decided June 26, 1876, over ninety-five years ago. We perceive no indication that St. 1971, c. 785, has, or was intended to have, any retrospective effect.[2] We are of opinion that by c. 785 the doctrine of charitable immunity was modified by a wholly prospective enactment.

We conclude that the doctrine of charitable immunity applies to Northeastern University in the circumstances revealed by the pleadings. The Reporter of Decisions is to furnish attested copies of this opinion to the clerk of this court. He in turn will transmit one, under the seal of this court, to the clerk of the United States District Court, District of Massachusetts, as answer to the question certified, and will also transmit a copy to each party.

*So ordered.*

---

[2] For the legislative history of the 1971 statute, see Res. 1970, c. 30, and the Forty-sixth Report of the Judicial Council already cited. See also 1971 House Bill Nos. 5716 and 5801, 1971 House Doc. No. 5976, and 1971 Final Legislative Bulletin, p. 315A. The 1971 statute was approved on September 16, 1971, and contains an emergency preamble.