## JOHN HIGGINS *vs.* EMERSON HOSPITAL.

Middlesex.   March 6, 1975. — May 9, 1975.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Charity.   Corporation,* Charitable corporation.   *Hospital.*

The doctrine of charitable immunity precluded recovery against a
charitable corporation for injuries sustained after this court, in
*Colby* v. *Carney Hospital,* 356 Mass. 527 (1969), expressed its in-
tention to abolish the doctrine on the first appropriate occasion,
but before the effective date of G. L. c. 231, § 85K, by which the
Legislature abolished the doctrine.   [716-717]

TORT AND CONTRACT.   Writ in the Superior Court dated
November 3, 1971.

The action was heard by *Dimond,* J.

After review was sought in the Appeals Court, the
Supreme Judicial Court, on its own initiative, ordered
direct appellate review.

*George P. Luker* for the plaintiff.

*Lionel H. Perlo* for the defendant.

HENNESSEY, J.   This appeal brings before us the issue
whether, by reason of the language in *Colby* v. *Carney
Hosp.* 356 Mass. 527, 528 (1969), we should hold that
the defense of charitable immunity is not available to the
defendant hospital.   The plaintiff's appeal was entered in
the Appeals Court and was transferred to this court for
direct appellate review on our order pursuant to G. L.
c. 211A, § 10 (A).

The plaintiff brought an action in tort and contract for
injuries allegedly sustained by him on June 17, 1970,
while he was an inpatient at the defendant hospital.
The case was tried on June 20, 1974, before a Superior
Court judge and a jury.   The plaintiff's attorney made
an opening statement that asserted the facts of the plain-

tiff's accident and injury, including a stipulation that the defendant hospital at the time of the accident was a Massachusetts charitable corporation organized under G. L. c. 180, and that it was operated exclusively for charitable purposes. The judge thereupon directed verdicts for the defendant as to both counts of the plaintiff's declaration.

We treat the case as one in which, as to both counts, one in tort and one in contract, the plaintiff's opening statement alleged a case which was not susceptible to directed verdicts but for the application of charitable immunity, a defense which had been affirmatively pleaded by the defendant. The parties and the judge have clearly considered that the single issue is whether, by reason of the *Colby* case, or any other consideration, we should hold that charitable immunity is not applicable in this case. We hold that the doctrine is applicable and that the judge properly directed verdicts for the defendant as to both counts.

The injury here occurred after the date of the decision of the *Colby* case (December 23, 1969), but before the effective date, September 16, 1971, of St. 1971, c. 785, § 1, now G. L. c. 231, § 85K, which abolished the doctrine of charitable immunity. We have since held that the statute is not retrospective in effect (*Ricker* v. *Northeastern Univ.* 361 Mass. 169 [1972]), and it is thus clear that the plaintiff here takes no benefit from the statute.

The plaintiff contends that, because of the intimation in the *Colby* case as to the possible future abolishment of charitable immunity, that doctrine is not applicable in this case. He argues that from the date of the decision the various charitable institutions, as well as the insurance industry and members of the public, were clearly given notice of and could conform their conduct in reliance on the fact that claims of charitable immunity raised with respect to incidents occurring after the date of the decision, December 23, 1969, would be rejected.

He further contends that had the Legislature not acted on the subject matter in 1971 there would be no question that this court would rule the charitable immunity doctrine abolished as to the instant case.

We reject the arguments. In *Colby* v. *Carney Hosp.* 356 Mass. 527, 528 (1969), we said that any renunciation of the doctrine of charitable immunity "should be accomplished *prospectively* and that this should be best done by legislative action" (emphasis supplied). At no time has this court abolished the doctrine. In *Ricker* v. *Northeastern Univ.*, *supra*, 170-171, we said, speaking of the *Colby* case, "This language does not by itself abolish the doctrine of charitable immunity as of December 23, 1969 . . . [the language] makes it clear that no change of the doctrine was then being made." The Legislature chose to act subsequent to the *Colby* decision. We recognize the factual distinction between the instant case and the *Ricker* case, to wit, that the injury to Ricker occurred prior to December 23, 1969, the date of our decision in the *Colby* case, while the injury underlying this action occurred subsequent to that decision. Nevertheless, we see no persuasive reason now to rule, as in practical effect the plaintiff urges here, that the doctrine of charitable immunity does not apply to an injury which occurred after December 23, 1969, but before the effective date of St. 1971, c. 785, § 1.

The plaintiff further argues that the doctrine of charitable immunity does not apply to count 2 of his declaration, since that alleges breach of an implied contract although it is based on the same facts applicable to count 1, the tort count. That argument is unavailing since count 2 is barred by the defense of charitable immunity. "The allegation of an oral contract with the defendant for careful treatment adds no element of liability to those which would exist otherwise. There can be no liability in contract such as here is alleged, if none exists in tort. The whole matter relates to the execution of the public charity administered by the defendant, and

is governed by the same principles in whatever aspect presented." *Roosen* v. *Peter Bent Brigham Hosp.* 235 Mass. 66, 75 (1920). See *Barrett* v. *Brooks Hosp. Inc.* 338 Mass. 754 (1959).

*Judgment affirmed.*