JEROME JOHNSON, administrator, *vs.* WESSON WOMEN'S HOSPITAL.

Hampden. March 6, 1975. — May 9, 1975.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Charity. Corporation,* Charitable corporation. *Hospital.*

A hospital was not deprived of the defense of charitable immunity in an action for alleged negligence with respect to an injury to and the death of a patient occurring between the date in 1969 in which this court expressed an intention to abolish the doctrine of charitable immunity in the future, and the effective date of G. L. c. 231, § 85K, inserted by St. 1971, c. 785, § 1, allowing limited recovery against charitable corporations, by reason of the fact that the hospital carried a policy of liability insurance. [717-719]

TORT AND CONTRACT. Writ in the Superior Court dated July 3, 1974.

The action was heard by *Kent B. Smith,* J., on demurrer.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Timothy B. Shea* for the plaintiff.
*James P. Coyle* for the defendant.

HENNESSEY, J. This case raises the issue whether the carrying of a policy of liability insurance by the defendant hospital deprived it of the defense of charitable immunity. We hold that it did not, and that the sustaining by the Superior Court judge of the defendant's demurrer to the plaintiff's amended declaration was

correct. The plaintiff's appeal was entered in the Appeals Court and was transferred to this Court for direct appellate review on our order pursuant to G. L. c. 211A, § 10 (A).

The plaintiff's declaration, as amended, was in four counts, two in tort and two in contract. As administrator of an estate, he sought damages for the conscious suffering and death of his intestate, allegedly caused by the negligence of the defendant hospital, its agents and servants. The injury allegedly occurred on August 21, 1970, when the plaintiff's intestate was a patient at the defendant hospital. The death, which allegedly was caused by the injury, occurred on April 4, 1971. Both of these dates lie between December 23, 1969, the date of *Colby* v. *Carney Hosp.* 356 Mass. 527 (1969), wherein we expressed an intention to abolish the doctrine of charitable immunity in the future, and September 16, 1971, the effective date of G. L. c. 231, § 85K, inserted by St. 1971, c. 785, § 1, which enables persons to recover against charitable corporations, with a $20,000 limit on recovery.

The statute is not retrospective in effect. See *Ricker* v. *Northeastern Univ.* 361 Mass. 169 (1972). Although we stated in the *Colby* case that we intended to abolish charitable immunity the next time we had an opportunity, we never did so because the Legislature acted. We have declined to hold that the doctrine is abolished as to an injury, such as the instant one, which occurred between the date of the *Colby* case and the effective date of the statute. *Higgins* v. *Emerson Hosp., ante,* 714 (1975).

The plaintiff is not assisted by the allegation that the defendant carried a policy of liability insurance. We held in *Enman* v. *Trustees of Boston Univ.* 270 Mass. 299 (1930), that such insurance was not relevant to the issue of charitable immunity and nothing that has happened, by way of statutory or common law change since the decision in that case, persuades us to hold

differently at this time. The plaintiff cites no authority for his argument that this fact constitutes a waiver by the hospital of its immunity. Nor do we believe that a waiver can be inferred. There are many reasons why an institution might carry such insurance without yielding its right to rely on the defense. . Among these reasons might be, as of August 21, 1970, the expectation that this court might well at any time abolish the immunity, as predicted in the *Colby* case on December 23, 1969. See *Holder* v. *Massachusetts Horticultural Soc.* 211 Mass. 370 (1912). Nor do we agree with the plaintiff's argument under the so called trust fund theory. *Enman* v. *Trustees of Boston Univ., supra.*

Similarly, the plaintiff's contention that the liability insurer may well have agreed, in the policy of insurance, not to raise the defense of charitable immunity in defending claims is unavailing. The short answer to that contention is that the declaration did not allege such an agreement. Even though the plaintiff moved in this court for an order compelling the production of the policy, we see no justification for such delayed discovery. The Superior Court judge had a right, indeed a duty, to read the declaration as it was written. Although we decline to speculate as to the provisions of the insurance policy, we do observe that the plaintiff's argument, that he is by statute (G. L. c. 175, § 111) a third-party beneficiary of the liability insurance policy, is a bootstrapping contention, since the statute is operative only after liability of the insured to the plaintiff is established.[1]

*Exceptions overruled.*

---

[1] This case came before us on a bill of exceptions. While this method of seeking review from an order sustaining a demurrer was somewhat infrequently used under prior civil practice, the preferred route being by appeal (G. L. c. 231, § 96), the bill of exceptions was permissible. G. L. c. 231, § 113. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53 (1939). See Mass. R. A. P. 1A, 365 Mass. 731 (1974) (Transitional Rule).