JOSEPH A. KOLOFSKY *vs.* PAULETTE W. HEATH, administratrix. May 4, 1976. The plaintiff was injured in 1969 while a passenger in a truck owned and operated by one Wetherbee, the defendant's testate. In the plaintiff's action based on ordinary negligence, the judge allowed the defendant's motion for a directed verdict. The plaintiff appealed to the Appeals Court, and we transferred the case to this court on our own motion. We affirm on the ground that Wetherbee had entered into a gratuitous undertaking for the benefit of the plaintiff and the plaintiff's employer, and owed the plaintiff only the duty to refrain from gross negligence. See *Wheatley* v. *Peirce,* 354 Mass. 573, 576 (1968). The statute abolishing the rule, G. L. c. 231, § 85L, inserted by St.

1971, c. 865, § 1, applies only to causes of action arising after January 1, 1972. St. 1971, c. 865, § 2. The plaintiff does not ask us to reëxamine the rule in light of *Mounsey* v. *Ellard,* 363 Mass. 693, 705-708 (1973), and we do not. Cf. *Higgins* v. *Emerson Hosp.,* 367 Mass. 714, 715-716 (1975). The plaintiff was the manager of a restaurant, and at the time of the accident Wetherbee was gratuitously helping him move restaurant equipment. On the way to get the equipment, Wetherbee had carried a motorcycle in the truck, and the plaintiff had helped him load and unload the motorcycle. These incidental acts to accommodate Wetherbee did not destroy the gratuitious character of Wetherbee's undertaking. *Ruel* v. *Langelier,* 299 Mass. 240, 243 (1938). Cf. *Pandiscio* v. *Bowen,* 342 Mass. 435, 437-438 (1961). Contrast *Hodne* v. *Smith,* 356 Mass. 740 (1970).

*Judgment affirmed.*

*John F. Keenan* for the plaintiff.
*Edward P. Healy* for the defendant.