THOMAS E. VAUGHAN, administrator, *vs.* COMMONWEALTH & another. April 13, 1979. In this case we conclude that there was no error in the allowance by a Superior Court judge of the Commonwealth's motion for summary judgment, and the subsequent dismissal of the plaintiff's complaint. The plaintiff alleged that his intestate, while operating a motorcycle on June 19, 1974, on Old Down Road in the Mount Wachusett State Reservation, suffered consciously and died when he collided with a wire which had been negligently strung across the road as a barrier. Some counts of the complaint claimed recovery based on G. L. c. 81, § 18, which imposes liability on the Commonwealth for defective State highways. Other counts asserted the Commonwealth's common law liability in tort by reason of the negligent conduct of its employees.

The Commonwealth supported its motion for summary judgment with an affidavit of one Gilbert Bliss who affirmed that he is director of the division of forest and parks in the Department of Environmenal Management of the Commonwealth, and that Old Down Road on June 19, 1974, was not a public road which had been designated by the Department of Public Works as a road for general public use or accepted for such use by the executive head of the Department of Environmental Management, which controlled the Wachusett Reservation. Such designation and acceptance is required before a road in a State

reservation may be defined as a State highway. G. L. c. 81, § 13. The plaintiff failed to respond (by counter affidavit) to the Commonwealth's affidavit. The motion for summary judgment as to the counts based on the defective highway statutes was thus correctly allowed. Mass. R. Civ. P. 56 (e), 365 Mass. 824 (1974).

Likewise, there was no error in the allowance of the motion as to the common law counts. In *Morash & Sons* v. *Commonwealth*, 363 Mass. 612, 623 (1973), this court expressed the thought that governmental immunity should be abolished, but preferably by legislative action. In *Whitney* v. *Worcester*, 373 Mass. 208-210 (1977), this court stated that we would abrogate governmental immunity, retroactively to the date of the *Morash* decision, in the first appropriate case to reach us after the 1978 legislative year, if the Legislature did not act "definitively" as to the issue in that legislative year. The Legislature did act, with a comprehensive statute, St. 1978, c. 512, §§ 15, 16, which in large measure abolished governmental immunity. The statute provides that it shall apply to all causes of action arising on or after August 16, 1977, the date of publication of *Whitney*. Since the accident in the instant case occurred after *Morash* but before August 16, 1977, the plaintiff urges this court now to abolish the doctrine of governmental immunity back to the date of the *Morash* decision. We decline to do so. Our statement of future intentions in *Whitney* was intended for such assistance as it could afford to the Legislature in its deliberations, and was intended to take effect only if the Legislature did not act. It has acted, and has spoken explicitly on the issue of retroactivity.

The course we follow here is parallel to that which we followed as to charitable immunity. In *Colby* v. *Carney Hosp.*, 356 Mass. 527 (1969), we declared our intention to abolish the doctrine of charitable immunity at the next opportunity. The Legislature then did so prospectively. G. L. c. 231, § 85K, inserted by St. 1971, c. 785, § 1. This court subsequently stated that the abolition was prospective only under the statute, and that *Colby* did not abolish the doctrine. *Johnson* v. *Wesson Women's Hosp.*, 367 Mass. 717, 718 (1975). *Higgins* v. *Emerson Hosp.*, 367 Mass. 714, 716 (1975). *Ricker* v. *Northeastern Univ.*, 361 Mass. 169, 170-171 (1972). We add that much of the plaintiff's line of argument in this case is incorrectly based on the premise that this court in *Whitney* stated that it would act if the Legislature failed to abolish governmental immunity. *Whitney* permits no such reading. It stated only our intention to act if the Legislature failed to act definitively. Even a statutory affirmation of governmental immunity would clearly have been definitive action. When *Whitney* is read correctly, it becomes even more clear that we should not modify the law now established by a comprehensive statute.

*Judgment affirmed.*

*Conrad W. Fisher* for the plaintiff.

*W. Channing Beucler*, Assistant Attorney General, for the Commonwealth, submitted a brief.