SUSAN KERLINSKY & another *vs.* COMMONWEALTH. April 30, 1979. In this case we conclude that there was no error in the allowance by a Superior Court judge of the Commonwealth's motion to dismiss, brought pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), and the subsequent dismissal of the plaintiffs' complaint. The minor plaintiff alleged through her father in the complaint that on July 1, 1973, she paid a fee to swim in a roped off area of a lake located in a public park owned or controlled by the Commonwealth. While swimming she struck an underwater rock and incurred personal injuries. She, and her father (claiming consequential damages as a result of his daughter's injuries), predicated the Commonwealth's liability on common law theories of negligence (failure to warn of the presence of the rock) and maintenance of a public nuisance.

On the date of the incident the Commonwealth retained its immunity on both theories. The furthest extension of judicial abrogation of sovereign immunity was reached in *Morash & Sons* v. *Commonwealth,* 363 Mass. 612 (1973), where it was held that the Commonwealth could be liable for the creation or maintenance of a private nuisance which caused injury to another's land. In cases subsequent to *Morash,* the Supreme Judicial Court has recognized the vitality of the defense of sovereign immunity as to claims based on assertions of negligence (see *Hannigan* v. *New Gamma-Delta Chapter of Kappa Sigma Fraternity, Inc.,* 367 Mass. 658, 659 [1975]; *Caine* v. *Commonwealth,* 368 Mass. 815 [1975]; *Vaughan* v. *Commonwealth,* 377 Mass. 914 [1979]), and no decision has abrogated sovereign immunity for the creation or maintenance of a public nuisance. See and compare *Alholm* v. *Wareham,* 371 Mass. 621, 625 n.3 (1976). The plaintiffs cannot establish the presence of a private nuisance on the facts as pleaded. (See discussion in Prosser, Torts 583-591 [4th ed. 1972] for the distinction between private and public nuisance.) Nor can the plaintiffs point to any statutory consent on the part of the Commonwealth to be sued for the wrongs complained of. Finally, St. 1978, c. 512, § 15 (inserting a new G. L. c. 258), does not apply to the claims set forth in the complaint since it is expressly applicable only to causes of action arising on or after August 16, 1977. St. 1978, c. 512, § 16. *Vaughan* v. *Commonwealth, supra.* See also *Paris Paper Box Co.* v. *Boston, ante* 902 (1979).

*Judgment affirmed.*

*Louis Kerlinsky* for the plaintiffs.
*W. Channing Beucler*, Assistant Attorney General, for the Commonwealth.