GARY SPOONER *vs.* GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LIMITED.

Hampshire.   October 2, 1979. — December 17, 1979.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & LIACOS, JJ.

*Notice. Insurance,* Notice. *Statute,* Retroactive statute.

Where an insured defendant failed to give his insurer notice of a 1974 accident "as soon as practicable," the plaintiff could receive no more under the defendant's liability insurance policy than the statutorily mandated minimum; this court declined to abolish the common law doctrine to provide that late notification would not defeat a claim against an insurer unless the insurer were prejudiced thereby as was done legislatively by the passage of St. 1977, c. 437, amending G. L. c. 175, § 112. [378-380]

CIVIL ACTION commenced in the Superior Court on June 18, 1975.

On transfer to the District Court of Hampshire the case was heard by *Ryan,* J.

*Herbert Murphy* for the plaintiff.

*Thomas J. Donoghue* for General Accident Fire and Life Assurance Corporation, Limited.

HENNESSEY, C.J.   This action in tort arose out of a May 28, 1974, collision between the plaintiff's motorcycle and a motor vehicle owned by Howard Judkins and operated by Albert Jerrold.   At the trial in the District Court of Hampshire, the individual defendant Judkins impleaded his insurance company, General Accident Fire and Life Assurance Corporation, Limited (General), and the plaintiff there-

after asserted his claim directly against the insurer pursuant to Dist./Mun. Cts. R. Civ. P. 14 (a) (1975). General, having received no notice of the accident until June 3, 1975, twelve months and five days after the accident, and proceeding under a policy requiring notice "as soon as practicable," disclaimed coverage for any amount beyond the compulsory statutory limit of $5,000. After trial, the District Court judge ordered judgment for the plaintiff against the individual defendants and General in the amount of $100,000. The Appellate Division of the District Courts, Western Division, upheld this judgment as to liability and damages, but vacated that part of the judgment against General in excess of the statutory limit of $5,000, for the failure of the insured defendant Howard Judkins to give timely notice of the accident.

The plaintiff appeals this reduction in General's liability. He argues that the Legislature's passage of St. 1977, c. 437, amending G. L. c. 175, § 112, providing that late notification by an insured will not defeat a claim against an insurer unless the insurer has been prejudiced thereby, does not foreclose our amendment of the contrary common law rule applicable at the time of the accident. We decline to abrogate that rule and therefore affirm the Appellate Division's decision.

This court has held on other occasions that notice of an accident given by an insured to his insurer even with substantially less delay than in the instant case did not constitute notice "as soon as practicable." *Brackman* v. *American Employers' Ins. Co.,* 349 Mass. 767 (1965). *Segal* v. *Aetna Cas. & Sur. Co.,* 337 Mass. 185, 188-189 (1958). *Depot Cafe Inc.* v. *Century Indem. Co.,* 321 Mass. 220, 224-225 (1947). See *Morse* v. *Employers' Liab. Assurance Corp.,* 3 Mass. App. Ct. 712 (1975). Claims were defeated even where the insurer suffered no prejudice. See *Rose* v. *Regan,* 344 Mass. 223, 226 (1962); *Imperiali* v. *Pica,* 338 Mass. 494, 498 (1959). The requirement of notice has been regarded as a condition of the contract of insurance, and a breach of that condition, in the absence of estoppel or waiver, relieved the insurer of liability. *Polito* v. *Galluzzo,* 337 Mass. 360,

364-365 (1958). *Potter* v. *Great Am. Indem. Co.*, 316 Mass. 155, 157 (1944). See *Coleman* v. *New Amsterdam Cas. Co.*, 247 N.Y. 271, 276-277 (1928). As a result of this doctrine, if a defendant was dilatory, as was the situation here, the injured plaintiff could receive no more under the defendant's liability insurance policy than the statutorily mandated minimum. See G. L. c. 175, § 113A (5), as amended by St. 1973, c. 1114, § 20; *Masterson* v. *American Employers' Ins. Co.*, 288 Mass. 518, 521-522 (1934).

The accident in which the plaintiff was injured occurred well before G. L. c. 175, § 112, was amended in 1977 to change the common law rule of notice relative to motor vehicle liability insurance policies. The plaintiff, mindful of the generally accepted principle that all statutes are construed to operate prospectively, unless a retrospective application is indicated by necessary implication, see *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 626 (1974), does not urge us to apply the statute retroactively to his case. Rather, he asks us to abolish the common law rule.

The plaintiff relied in oral argument on *Soule* v. *Massachusetts Elec. Co.*, 378 Mass. 177 (1979). In that case the plaintiff was not aided by a statute which was enacted after his cause of action arose and which modified the common law prospectively. Nevertheless, this court modified the applicable common law retroactively, and the plaintiff prevailed under that modification. However, an important distinction between *Soule* and the present case mandates a contrary result. *Soule* and its complementary statute were preceded by a number of cases clearly announcing a trend away from "archaic common law rules" in the area of tort immunities. *Id.* at 184, and cases cited therein. Consequently, the modernization of that area of law by both the Legislature and this court was appropriate. *Id.* at 185. In contrast, the statute involved in the instant case concerns an aspect of contract law that we have not previously questioned. See cases, *supra*, upholding the notice requirement. Essentially, the plaintiff asks us now to depart retroactively from the meaning and import that we have given for at least

two generations to a significant condition of contracts of insurance. The Legislature has determined here that the change in the law shall be prospective only. We defer to its decision, see *Soule* v. *Massachusetts Elec. Co., supra* at 185, and decline to engage in retroactive revision of the common law as it existed prior to the 1977 statutory amendment. Cf. *Vaughan* v. *Commonwealth,* 377 Mass. 914 (1979) (governmental immunity); *Swartz* v. *General Motors Corp.,* 375 Mass. 628, 631 (1978) (strict liability in tort); *Kolofsky* v. *Heath,* 370 Mass. 856 (1976) (liability to guest passengers); *Higgins* v. *Emerson Hosp.,* 367 Mass. 714, 716 (1975) (charitable immunity).

The order of the Appellate Division vacating the judgment for the plaintiff against General in the amount of $100,000 and entering a decision for the plaintiff against General for $5,000 and dismissing the report as to the individual defendants is affirmed.

*So ordered.*