Michael **PERLOFF**, a minor, By and Through His Guardian Ad Litem, Sandra Perloff,

v.

**SYMMES HOSPITAL**, James Bradley, M. D. and Robert Brennan, M. D.

Civ. A. No. 76–4227–Z.

United States District Court, D. Massachusetts.

March 20, 1980.

---

R. Jay Engel, San Francisco, Cal., for plaintiff.

John J. C. Herlihy, Herlihy & O'Brien, Boston, Mass., for Symmes Hospital.

Raymond Kenney, Jr., Boston, Mass., for James Bradley, M. D.

Lionel H. Perlo, Ficksman & Conley, Boston, Mass., for Robert Brennan, M. D.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

This is a medical malpractice action brought in the name of plaintiff Michael Perloff, ("Michael") a minor, by his mother, Sandra Perloff. The claim arises from alleged negligence on the part of defendant Symmes Hospital in Arlington, Massachusetts and two attending physicians employed by the hospital at the time of Michael's birth. Plaintiff contends that defendants' negligence at the time of Michael's birth caused his permanent affliction with quadriplegia, cerebral palsy, mental retardation, and other disabling injuries and seeks compensatory and consequential damages.

At the time of Michael's birth, Sandra Perloff was a resident and domiciliary of Massachusetts. Both Sandra and Michael Perloff are now domiciliaries and residents of California. The suit is brought under the diversity jurisdiction of the Court, and was originally filed in United States District Court for the Northern District of California, in which district plaintiff currently resides. The case was transferred to this Court pursuant to 28 U.S.C. § 1404(a). The action is before the Court on plaintiff's motion for judgment on the pleadings with respect to defendant Symmes Hospital's affirmative defense of charitable immunity. While a motion by plaintiff for judgment on the pleadings under Rule 12(c), Fed.R. Civ.P., 28 U.S.C., may not be appropriate, as there may be issues of fact upon which the ultimate disposition of the defense of charitable immunity depends, defendants have raised no such procedural objection and I shall decide the purely legal issue raised thereby, the "choice of law" with respect to the hospital's defense of immunity from tort liability.

If the hospital prevails in its contention that the substantive law of the Commonwealth of Massachusetts should control in this diversity case, it would have available the defense of charitable immunity, an immunity from liability for conduct which took place prior to September 16,

1971 as determined by the then-applicable common law of Massachusetts.[1] California law did not, at the time of Michael's birth, recognize charitable immunity. *Silva v. Providence Hospital of Oakland*, 14 Cal.2d 762, 97 P.2d 798 (1939).

Initially, then, I must determine whether the law of Massachusetts or the law of California should control. Plaintiff argues for the latter, and defendants argue for the former. The parties agree that the controlling choice of law doctrine is to be found in the law of the forum, *Klaxon Co. v. Stentor Electric Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), and that for this purpose the forum in an action transferred pursuant to 28 U.S.C. § 1404(a) is deemed to be the transferror state. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). See *In re: Four Seasons Securities Law Litigation*, 370 F.Supp. 219 (W.D.Okl.1974). The parties thus agree that the choice of law doctrine of California, in a United States District Court of which state this action was properly filed, controls.

■ The courts of California have rejected the choice of law doctrine of "lex locus delecti", the principle that the controlling law in tort cases with conflicting state interests is the situs of the tort. California applies what has become known as the "government interest approach". *Reich v. Purcell*, 67 Cal.2d 551, 63 Cal.Rptr. 31, 432 P.2d 727 (1967). Normally, under that rule the law of the forum controls. *Hurtado v. Superior Court of Sacramento County*, 11 Cal.3d 574, 114 Cal.Rptr. 106, 110, 522 P.2d 666, 670 (1974). But when, because of the facts of a case, "it is suggested that the law of a foreign state should furnish the rule of decision," *Hurtado v. Superior Court of Sacramento County, supra*, (citation omitted), the government interest approach requires the forum court to apply the substantive law of the jurisdiction which has an actual interest in the application of its law in the adjudication of the claim. *Id.* When the governmental interests of two jurisdictions conflict, the court must resolve the conflict

by "applying the law of the state whose interest would be more impaired if its law were not applied". *Bernhard v. Harrah's Club*, 16 Cal.3d 313, 128 Cal.Rptr. 215, 219, 546 P.2d 719, 723 (in bank), *cert. denied*, 429 U.S. 859, 97 S.Ct. 159, 50 L.Ed.2d 136 (1976).

In this case, there is no conflict of state interests within the legal ambit which California law recognizes. As described above, the events which led to the claim took place entirely in Massachusetts and involved only parties who were both domiciliaries and residents of Massachusetts. Sandra and Michael Perloff moved to California following Michael's discharge from Symmes Hospital, by which time plaintiff concedes the claimed malpractice had necessarily ceased. Plaintiff's claim that California has a legal interest in the adjudication of the malpractice claim among Massachusetts parties at a site in Massachusetts springs solely from the fact that Michael Perloff left Massachusetts at some point following his treatment and now lives in California.

In the landmark decision in which the California Supreme Court announced its adoption of the "government interest" conflicts approach, *Reich v. Purcell*, 67 Cal.2d 551, 63 Cal.Rptr. 31, 432 P.2d 727 (1967), the Court specifically determined that no interests cognizable under California conflicts doctrine could be created by the subsequent event of a party's relocation. *Id.*, 63 Cal. Rptr. at 34, 432 P.2d at 730. Indeed, where the plaintiffs in *Reich* resided in California at the time they brought the action, and were in fact en route to California, "where [they] were contemplating settling" *id.*, 63 Cal.Rptr. at 31, 432 P.2d at 727, at the time of the claimed tort, the Court was specific in rejecting California's legal interest:

> Although plaintiffs now reside in California, their residence and domicile at the time of the accident are the relevant residence and domicile. At the time of the accident the plans to change the family domicile were not definite and fixed, and if the choice of law were made to turn on events happening after the accident, fo-

1. Charitable immunity has since been limited by statute. See Mass.Gen.Laws ch. 231 § 85K.

rum shopping would be encouraged. (See Cavers, [The Choice of Law Process (1965), at] 151, fn. 16.) Accordingly, plaintiffs' present domicile in California does not give this state any interest in applying its law . . . *Id.*, 63 Cal. Rptr. at 34, 432 P.2d at 730.

 Plaintiff suggests no basis for belief that California has revised its initial clear statement of its conflicts doctrine, and none appears.[2] See *Ramirez v. Wilshire Insurance Co.*, 13 Cal.App.3d 622, 632, 91 Cal.Rptr. 895 (1970). See also *Hurtado v. Superior Court of Sacramento County, supra*, 114 Cal.Rptr. at 110, 522 P.2d at 670 (acknowledging as legitimate "[t]he interest of a state in a tort rule limiting damages . . . to protect defendants from excessive financial burdens and exaggerated claims"). Where the legal interests of only one state are implicated in a proffered "choice of law" issue, the substantive law of that state must be applied. *Hurtado v. Superior Court, supra.* Accordingly, the law of Massachusetts will control in this issue.

If defendant hospital establishes that it was a charitable institution at the time of the claimed events in 1968 and 1969, Massachusetts law would bestow immunity from tort liability for those actions. *Ricker v. Northeastern University*, 361 Mass. 169, 279 N.E.2d 671 (1972); *Trala v. Shea*, 335 F.Supp. 81 (D.Mass.1971) (applying Massachusetts law). That the Massachusetts legislature abolished charitable immunity by statute in 1971, Mass.Gen.Laws ch. 231 § 85K, had only the effect of barring charitable immunity prospectively, from the effective date of Mass.Gen.Laws ch. 231, § 85, September 16, 1971. Mass.St.1971, c. 785 § 1. *Ricker v. Northeastern University, supra; Johnson v. Wesson Women's Hospi-*

*tal*, 367 Mass. 717, 328 N.E.2d 490 (1975). Because Massachusetts law applies, and avails the hospital of the defense of charitable immunity in this case, plaintiff's motion for judgment on the pleadings must be denied. A determination of the contested legal status of Symmes Hospital as a charitable institution in the relevant period of 1968–1969 will determine whether the hospital remains as a defendant. Because the Hospital's charter is prima facie evidence of its status as a charitable institution, *Barrett v. Brooks Hospital, Inc.*, 338 Mass. 754, 157 N.E.2d 638 (1959); *Boxer v. Boston Symphony Orchestra*, 342 Mass. 537, 174 N.E.2d 363 (1961), and plaintiff's objections to the hospital's status place material facts in issue, the question of the hospital's possible immunity remains to be resolved at trial. Plaintiff's motion for judgment on the pleadings is, accordingly, denied.

---

**2.** Plaintiff argues that California's interest arises from expenses that are—or may be—visited upon the state by Michael's medical needs. That argument is clearly foreseeable in the context of *Reich* but was rejected by the stated limitation of that case. The rejection is supported by California's policy of preventing "events happening after the accident" from influencing the choice of law, and, further, by the feared abuses that could arise by a party's staging of such events, in part at least, for the purpose of "forum shopping". *Reich v. Purcell, id.*, 63 Cal.Rptr. at 34, 432 P.2d at 730. In any event, plaintiff's theory represents an argument for a choice of law doctrine that would amount to the application of the "law of the plaintiff's current address", which California clearly does not endorse, and which would invite untold abuse and procedural uncertainty.