JOHN B. LEMASURIER vs. TOWN OF PEPPERELL.

Middlesex.    April 10, 1980. — June 24, 1980.

Present: HALE, C.J., ARMSTRONG, & KASS, JJ.

*Governmental Immunity.   Municipal Corporations,* Liability for tort,
     Officers and agents. *Drain.   Water.*

A town was not liable for the acts of its highway surveyor, a public offi-
     cer, in the performance of his statutory duty, with respect to a cause of
     action arising prior to the effective date of St. 1978, c. 512. [97-98]

TORT.   Writ in the Fourth District Court of Eastern Mid-
dlesex dated June 19, 1974.

On retransfer to the Superior Court the case was tried be-
fore *Doerfer*, J., and a motion for judgment notwithstand-
ing the verdict was heard by him.

*Joseph P. Hannon,* Town Counsel, for the defendant.

*James P. Cassidy, Jr.,* for the plaintiff.

HALE, C.J.   This is an action grounded in tort for negli-
gence and for nuisance for damage to the plaintiff's land by
flooding resulting from the repair, replacement and main-
tenance of a culvert under a town road near the land.   The
action was entered in the Superior Court on August 12, 1974,
and was transferred to a District Court.   Following a find-
ing for the defendant in that court the case was retrans-
ferred to the Superior Court.   After a jury trial in the Supe-
rior Court, judgment in the amount of $25,000 was entered
for the plaintiff.   The defendant (town) had moved for a
directed verdict after both parties had rested and later for
judgment notwithstanding the verdict, and now appeals
from the judgment for the plaintiff.

The plaintiff claims that the damage to his land was caused
by the replacement of a concrete culvert, which had been
broken when an attempt was made to remove debris from

it, with a metal culvert to which a raised "control pipe" was attached. The new culvert was placed at a higher level than the old one, and the control pipe further raised the level at which water could enter the culvert. This caused a backup of water which flooded a twelve acre portion of the plaintiff's property, killing trees and other vegetation and preventing the plaintiff from travelling across that portion of his land.

The work on the culvert was carried out by the town highway surveyor. Under the law prevailing at the time this cause of action arose, the town was not liable for the acts of the highway surveyor, a public officer, in the performance of his statutory duty. *Clark* v. *Easton*, 146 Mass. 43, 43-44 (1888). *Pratt* v. *Weymouth*, 147 Mass. 245, 253-254 (1888). *Sherman* v. *Swansea*, 261 Mass. 407, 408-409 (1927). *Van Szyman* v. *Auburn*, 345 Mass. 444, 450-451 (1963). See *Whitney* v. *Worcester*, 373 Mass. 208, 213-214 (1977); G. L. c. 41, § 62. That rule shielded the town from liability for a public officer's negligence, see *Pratt* v. *Weymouth, supra*, or for a nuisance created or maintained by him. See *Molinari* v. *Boston*, 333 Mass. 394, 395-396 (1955). In this case, the work done on the culvert by the highway surveyor fell within his statutory duties. *Pratt* v. *Weymouth, supra* at 254. See G. L. c. 41, § 62 and c. 84, § 7. The culvert was under his control. Compare *Towner* v. *Melrose*, 305 Mass. 165, 168 (1940) (town can be liable for creating or maintaining nuisance on property it owns or controls), with *Molinari* v. *Boston, supra*. Although the town could have been held liable for the highway surveyor's acts if he had been acting as its agent, rather than in his role as public officer, there is no indication that such was the case here. See *McCann* v. *Waltham*, 163 Mass. 344, 345 (1895); *Murphy* v. *Needham*, 176 Mass. 422, 423-424 (1900); *Ryder* v. *Taunton*, 306 Mass. 154, 158-159 (1940). Contrast *Ryder* v. *Lexington*, 303 Mass. 281, 287-289 (1939). *Bates* v. *Westborough*, 151 Mass. 174, 184 (1890), which is the principal case relied upon by the plaintiff, is not controlling here. In *Bates* a town was held to be liable for damage resulting

from the construction and maintenance of a system of "sewers and main drains" which discharged through a culvert; the rule insulating the town from liability for the acts of public officers was held inapplicable to work done on the town's sewers and main drains. There was no evidence in this case that the culvert was part of a system of surface drains, within the historical definition of "common sewers and main drains" for which the town would have been responsible under G. L. c. 83, § 1. For a comprehensive discussion of the historical basis of the law governing main drains and common sewers, and the distinction between such drains and sewers and drains unconnected to a town's drainage system, see *Smith* v. *Gloucester*, 201 Mass. 329, 334-337 (1909).

The distinction with respect to municipal liability between acts of public officers and acts of the agents of a town is not now regarded as a sound one (see *Whitney* v. *Worcester*, *supra* at 213-217), and the law of municipal immunity which fostered that distinction has been superseded as to causes of action arising on or after August 16, 1977, by the enactment of a comprehensive legislative scheme regulating governmental liability. See G. L. c. 258, as amended by St. 1978, c. 512, §§ 15, 16. Nevertheless, we are constrained to follow the law as it existed before the effective date of the amendments to c. 258. See *Vaughan* v. *Commonwealth*, 377 Mass. 914 (1979). The defendant's motion for judgment notwithstanding the verdict should have been allowed.

*Judgment reversed.*

*Judgment for the defendant.*