ANNIE SMITH LACY *vs.* CITY OF BOSTON & others. December 9, 1981. In her complaint the plaintiff, Annie Smith Lacy, named as defendants the city of Boston, the mayor of that city, and a mounted police officer of the city of Boston, whose name the plaintiff did not know. The wrongs for which the plaintiff seeks redress occurred on July 24, 1977, and are described as injuries sustained when a horse upon which a policeman was mounted stepped on the plaintiff's foot. The basis for recovery set out in the complaint is G. L. c. 258, as appearing in St. 1978, c. 512, § 15 (which inserted a wholly new c. 258). Because the incident occurred prior to August 16, 1977, the complaint was correctly dismissed. Tort claims against the Commonwealth and its subdivisions, including municipalities, became controlled by the new c. 258 only in so far as they arose from events which took place on or after August 16, 1977. St. 1978, c. 512, § 16. *Vaughan* v. *Commonwealth*, 377 Mass. 914 (1979). *Lemasurier* v. *Pepperell*, 10 Mass. App. Ct. 96, 98 (1980). *Alfonso* v. *Lowney*, 11 Mass. App. Ct. 338, 339 (1981). Those opinions dispose of the arguments advanced by the plaintiff concerning her rights under the present statute. At argument of her appeal, the plaintiff's counsel asked leave to amend her complaint to pursue such common law remedies as she may have against the unknown mounted officer (who could have been a Metropolitan District Commission police officer rather than a Boston officer). See *Alfonso* v. *Lowney*, *supra* at 306. That request is properly addressed to the discretion of the trial court. The judgment dismissing the complaint for failure to state a claim for which relief can be granted is affirmed, without prejudice to a motion by the plaintiff in the trial court to amend her complaint.

*So ordered.*

*Gerald F. Williamson* for the plaintiff.
*Jacqueline A. Lillard*, Assistant Corporation Counsel, for the defendants.