Merrick, J.
This is a motor vehicle tort action predicated on allegations by plaintiffs Audencia Hernandez (“Hernandez”), Francisca Castro (“Castro”) and Rosa Jimenez (“Jimenez”) that they sustained injuries as passengers in a motor vehicle owned and operated by defendant Osvaldo Perez (“Perez”), who caused a rear-end collision with another vehicle.
Defendant Perez failed to cooperate with his own counsel in answering interrogatories propounded by plaintiff Hernandez. Although Castro and Jimenez did not file any interrogatories, all three plaintiffs requested the entry of a default against the defendant for his failure to submit answers. A default was entered.
The plaintiffs thereafter moved for an assessment of damages, which motion was allowed. At the assessment hearing, the plaintiffs introduced medical records and bills pursuant to G.L.c. 233, §79G from two chiropractors; one of whom treated two of the plaintiffs and the other treated the third plaintiff. The documents purported to show that plaintiffs Hernandez, Jimenez and Castro incurred medical expenses, largely for chiropractic services for soft tissue injuries, in the total amounts of $2,983.70, $2,726.90 and $2,908.55, respectively.
Defendant’s counsel offered no direct evidence, but summonsed both chiropractors for cross-examination. One chiropractor refused to appear.[2] Defense counsel conducted an extensive cross-examination of the second chiropractor and all three plaintiffs, pointing out not only that the plaintiffs were passengers in the defendant’s vehicle, but also that one of them resided with the defaulting defendant. In final argument, defense counsel asserted that the circumstances of the case suggested that the plaintiffs’ claims were either fabricated or grossly exaggerated.
After hearing, the court found that no damages had been sustained and made no award to the plaintiffs. The plaintiffs filed a motion to reconsider and amend the judgment, which was denied. A motion by plaintiffs Castro and Jimenez, who had not filed interrogatories, to vacate the judgment was also denied. The plaintiffs thereafter brought the present Dist/Mun. Cts. R. A. D. A., Rule 8C appeal to this Division.
1. The thrust of the plaintiffs’ motion to reconsider and amend the judgment was that the court was compelled to find that the plaintiffs had suffered damages in the absence of direct contrary evidence by the defendant. The plaintiffs made no requests for rulings of law at the assessment hearing, however, and may not *132 raise by post-trial motion a legal issue which they failed to preserve at trial. Eva-Lee, Inc. v. Thomson General Corp., 5 Mass. App. Ct. 823 (1977). Nor would the plaintiffs have been entitled to a ruling that judgment in their favor was required as a matter of law. A request for such a ruling by the party with the burden of proof can rarely be granted, Hoffman v. Chelsea, 315 Mass. 54, 56 (1943), particularly where the evidence is largely oral and there are issues of credibility. Howard v. Malden Savings Bank, 300 Mass. 208, 211 (1938).
It is axiomatic that even testimony which is “‘undisputed’ or ‘uncontradicted’ need not necessarily be believed.” Perry v. Hanover, 314 Mass. 167, 170 (1943). While it is true that mere disbelief of testimony is not alone sufficient to prove facts to the contrary, Zarrillo v. Stone, 317 Mass. 510, 512 (1945), that proposition has little relevance because the burden rested on the plaintiffs to prove damages and not on the defendant to prove fraud or collusion.
An insurer who issues a Massachusetts automobile policy is obligated to pay third parties who recover damages an amount equal to the compulsory limits of the policy even when, as in the instant case, the defendant-insured refuses to cooperate. G.L.c. 175, §113A(5); Spooner v. General Accident Fire & Life Assur. Corp. Ltd., 379 Mass. 377, 379 (1979). The potential for mischief in such a situation is obvious. The trial judge, as arbiter of the weight and credibility of oral testimony, was certainly free to reject claims for medical expenses which consisted primarily of chiropractors’ bills for treatment of soft tissue injuries, in amounts more than the $2,000.00 statutory tort “threshold,” but less than $3,000.00, which were brought by plaintiffs who all resided with or rode in the car of an uncooperative defendant.
2. The motion to vacate the default judgment filed by plaintiffs Jimenez and Castro asserted that as they had not filed any interrogatories, their request for a default for the defendant’s failure to answer interrogatories should not have been granted. They are undoubtedly correct that their request was granted in error. A party will not be heard to complain, however, of the allowance of its own request. Woodman v. Haynes, 289 Mass. 114, 117-118 (1935); DiLorenzo v. Atlantic Nat'l Bk. of Boston, 278 Mass. 321, 323 (1932).
There being no error, the judgment for the defendant is hereby affirmed. The plaintiffs’ appeal is dismissed.
So ordered.

The opinion and bills of the chiropractor who refused to appear in response to the defendant’s summons were properly admitted by the trial judge, over the defendant’s objection, pursuant to G.L.c. 233, §79G. St. Leger v. Agency Rent A Car, Inc., 1993 Mass. App. Div. 170, 171.